UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.H. LUNDBERG ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TSI, INC., <br><br> Defendant. | CASE NO. C14-1160JLR <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

Before the court is Defendant TSI, Inc.'s ("TSI") motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6).  (Mot. (Dkt. # 6)).  The court has considered the motion, all submissions filed in support of or opposition thereto, the balance of the record, and the applicable law.  Being fully advised, the court GRANTS TSI's motion to dismiss Plaintiff A.H. Lundberg Associates, Inc.'s ("Lundberg") Lanham Act claims for false designation of origin, false designation of authorship, and false advertisement.  (*See*

ORDER- 1

Compl. (Dkt. # 1) ¶¶ 29-35).) The court, however, GRANTS Lundberg leave to amend its false advertisement claim as discussed below.

## II.   BACKGROUND

This is a dispute between two companies that engineer and supply equipment to various processing industries. (*See* Compl. ¶¶ 1-2, 11; *see also* Mot. at 2-3.) TSI specializes in providing equipment to the wood and biomass industries and began purchasing Lundberg's products for use with TSI's wood and biomass dryer systems in 2007. (*See* Compl. ¶¶ 11-12; *see also* Mot. at 3-4.) In 2012, Gary Raemhild, a Lundberg employee with design and engineering knowledge of Lundberg's pollution compliance products, left Lundberg to work for TSI.[1] (*See* Compl. ¶¶ 17, 19; *see also* Mot. at 3.) Subsequently, TSI began offering pollution compliance products that Lundberg alleges "are copied from the Lundberg product designs based on information and drawings provided from Raemhild." (Compl. ¶¶ 21-23; *see also* Mot. at 4.)

Lundberg alleges that TSI's advertisements of its pollution compliance products violate the Lanham Act, § 43(a), 15 U.S.C. § 1125(a)(1). (*See* Compl. ¶¶ 29-35) TSI advertised the pollution compliance products on its website and through a press release. (S*ee* Compl. ¶¶ 22, 24-25, 32, Ex. 3 at 23; *see also* Mot. at 4.) The pollution compliance products featured on the website are manufactured by TSI but are allegedly "slightly

---

[1] Lundberg further alleges that TSI hired Raemhild and used his knowledge of Lundberg's trade secrets and confidential information in order to compete with Lundberg. (*See* Compl. ¶ 49.) Lundberg claims that this conduct violates a mutual non-disclosure agreement and several state laws. (*See id*. ¶¶ 36-65; *see also* Mot. at 3-4.)

ORDER- 2

modified" versions of Lundberg's technology.  (*See* Compl. ¶¶ 22-23, 30-32; *see also* Mot. at 2, 6.)  The press release introduces TSI's new product line and announces the hiring of Mr. Raemhild.  (*See* Compl. Ex. 3 at 23; *see also* Mot. at 6.)

Based on those facts, Lundberg's complaint can be construed as making three types of claims under the Lanham Act, 15 U.S.C. § 1125(a):  (1) TSI's representation that it designed its pollution compliance products is a false designation of the origin of those goods because TSI is reverse passing off Lundberg's product design as its own, (2) TSI's false designation of authorship of the design of its pollution control products constitutes false advertisement of the characteristics and qualities of those goods, and (3) TSI's claim of "improvements" to its pollution compliance products constitutes false advertisement of the characteristics and qualities of those goods.  (*See* Compl. ¶¶ 29-35; *see generally* Mot.; Resp.)  TSI moves to dismiss these claims on the grounds that they are not legally actionable under the Lanham Act, 15 U.S.C. § 1125(a).  (*See generally* Mot.)

### III.   ANALYSIS

**A.   Standards**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  *Wyler Summit Partnership v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Additionally, claims of fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b). In pertinent part, Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Rule 9(b) requires that an allegation of fraud be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). In other words, an allegation of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The plaintiff must identify "what is false or misleading about the statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

**B.  Lundberg's Lanham Act Claims**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1) has two prongs. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005). The "false association prong" pertains to allegations of "deceptive use of a trademark or its equivalent." *Id.*; 15 U.S.C § 1125(a)(1)(A). Claims for false designation of origin, including allegations of passing off or reverse passing off, [2] are within the scope of the "false association prong." *See* 15 U.S.C § 1125(a)(1)(A); *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 30, 37-38 (2003). The "false advertising prong" applies to allegations of "misrepresentation about a product [itself]." *Jack Russell Terrier Network*, 407 F.3d at 1037; 15 U.S.C. § 1125(a)(1)(B).

Specifically, § 1125(a)(1) provides in pertinent part:

> **(1)**   Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> **(A)**   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> **(B)**   in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

---

[2] "Reverse passing off" occurs when a "producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003).

15 U.S.C. § 1125(a)(1).  Lundberg brings claims under both prongs of § 1125(a)(1). (*See* Compl. ¶¶ 29-35.)

> 1. <u>Reverse Passing Off as a False Designation of Origin Claim under 15 U.S.C. § 1125(a)(1)(A)</u>

Lundberg first alleges that by selling products that are slightly modified versions of its designs, TSI is "reverse passing off Lundberg's equipment and innovations." (Compl. ¶ 30.)  It further alleges that "TSI's descriptions of its products are likely to cause mistake and to deceive as to the origin of its goods." (*Id.* ¶ 33.)  TSI argues that Lundberg's claim for reverse passing off as a false designation of origin is not legally actionable under the Lanham Act and must be dismissed based on the Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37-38 (2003).  (*See* Mot. at 6.)

In *Dastar*, the defendant used video content from a World War II television series, originally owned and produced by Twentieth Century Fox and licensed to New Line Home Video, to create its own modified video series.  *See Dastar*, 539 U.S. at 25-26.  Fox and New Line claimed that Dastar violated § 1125(a)(1)(A) by failing to give "proper credit" to the producers of the original series.  *Id.* at 27-28.  The Supreme Court held that the "origin of goods" language in § 1125(a)(1)(A) "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods."  *Dastar,* 539 U.S. at 37.  The Court concluded that the provision is "amply inclusive" of claims for reverse passing off.  *Id.* at 30.  The holding limits such claims, however, to false designations of the physical source or

"producer of the tangible goods offered for sale." *Id.* at 37. Because Dastar was the physical producer of the video tapes it sold, the Court concluded that the plaintiffs could not prevail on their Lanham Act claim. *Id.* at 38.

In this case, it is undisputed that TSI manufactured and physically produced the goods it offers for sale. (*See* Compl. ¶¶ 23, 30; *see also* Mot. at 2, 6.) Rather than alleging that TSI is selling products physically produced by Lundberg, Lundberg alleges that TSI is selling products based on Lundberg's designs. (Compl. ¶¶ 23, 30.) Thus, Lundberg's claim for reverse passing off as a false designation of origin under §1125(a)(1)(A) is barred by the Supreme Court's holding in *Dastar*. Moreover, Lundberg expressly concedes this point in its response to TSI's motion. (*See* Resp. (Dkt. # 12) at 3 n.2.) The court, therefore, grants TSI's motion to dismiss this claim.

    2. <u>False Designation of Authorship as a False Advertisement Claim under 15 U.S.C. § 1125(a)(1)(B)</u>

Lundberg further alleges that TSI's "false claims to have designed its system" constitute false advertising under 15 U.S.C. § 1125(a)(1)(B). (Compl. ¶ 30.) TSI argues that this claim is "fundamentally about the origin of the design" and is not legally actionable under the false advertising prong of the Lanham Act. (Mot. at 9.) At issue between the parties is whether the Supreme Court's holding in *Dastar* permits false designation of authorship claims to be brought under § 1125(a)(1)(B).

In *Dastar*, the Supreme Court limited the scope of claims under § 1125(a)(1)(A) to false designations of physical origin. *See Dastar*, 539 U.S. at 37. The Court, however also noted in dicta that if:

ORDER- 7

>the producer of a video that substantially copied the Crusade series were, in advertising or promotion, to give purchasers the impression that the video was quite different from that series, then one or more of the respondents might have a cause of action—not for reverse passing off under the "confusion . . . as to the origin" provision of § 43(a)(1)(A), but for misrepresentation under the "misrepresents the nature, characteristics [or] qualities" provision of § 43(a)(1)(B).

*Id.* at 38.

Analysis of that passage has caused some disagreement among courts as to whether the "nature, characteristics, [and] qualities" referred to in § 1125(a)(1)(B) can be applied to authorship. *See, e.g.*, *Zyla v. Wadsworth*, 360 F.3d 243, 252 n.8 (1st Cir. 2004) ("The court in *Dastar* left open the possibility that some false authorship claims could be vindicated under the auspices of § 43(a)(1)(B)'s prohibition on false advertising."); *but see Antidote Int'l Films, Inc. v. Bloomsbury Pub., PLC*, 467 F. Supp. 2d 394, 400 (S.D.N.Y. 2006) ("[T]he holding in *Dastar* that the word 'origin' in § 43(a)(1)(A) refers to producers, rather than authors, necessarily implies that the words 'nature, characteristics, [and] qualities' in § 43(a)(1)(B) cannot be read to refer to authorship. If authorship were a 'characteristic[ ]' or 'qualit[y]' of a work, then the very claim *Dastar* rejected under § 43(a)(1)(A) would have been available under § 43(a)(1)(B).").

This court concludes that claims of false designations of authorship as false advertisement are not actionable under §1125(a)(1)(B) in the Ninth Circuit. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) (holding that "the nature, characteristics, and qualities of karaoke recordings under the Lanham Act are more properly construed to mean characteristics of the good itself, such as the original song and artist of the karaoke recording, and the quality of its audio and visual

ORDER- 8

effects," and do not include "misrepresentations about copyright licensing status . . ."); *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307, 1308 n.1 (Fed. Cir. 2009) (adopting and applying the Ninth Circuit's holding in *Sybersound* "precluding false authorship claims from being brought under section 43(a)(1)(B)").

Lundberg alleges that TSI violated § 1125(a)(1)(B) by falsely claiming to have designed TSI's pollution control products. (*See* Compl. ¶ 30.) In *Sybersound*, the Ninth Circuit Court of Appeals concluded that the licensing status of a copyrighted karaoke recording was not a "characteristic of the good" within the meaning of the false advertising provision. *Sybersound*, 517 F.3d at 1144. The Ninth Circuit cited examples that would change the user's actual experience of the product, such as the person performing the song, the quality of audio and visual effects, and the original song itself, such as the arrangement or the composition of the song. *See id*. Following this rationale, the origin of the design of a product, like licensing status, is not a "characteristic" of that good. *See id.* A difference in the original author of the design would not change a pollution compliance product user's experience because the features and function of the product would be identical in both instances.

This court's determination that Lundberg's false designation of authorship claim is barred is also supported by the Federal Circuit Court of Appeals' analysis in *Baden*, 556 F.3d at 1307. In that case, the Federal Circuit concluded that the Ninth Circuit's reasoning in *Sybersound* precluded authorship from being considered "a nature, characteristic, or quality, as those terms are used in Section 43(a)(1)(B) of the Lanham Act." *Id.* The Federal Circuit further concluded that the defendant's misrepresentation of

ORDER- 9

1  "innovation" was nothing more than a false designation of authorship and did not

2  implicate any "physical or functional attributes" of the product. *Id.* Thus, Baden's claim

3  for false advertisement based on that misrepresentation was not actionable under the

4  Lanham Act. *See id*. at 1308. Similarly, TSI's alleged misrepresentation that it designed

5  its own pollution control products amounts to a false designation of authorship and does

6  not implicate any "physical or functional" attributes of the pollution compliance products.

7  *See id.*

8        In sum, Lundberg's claim that TSI misrepresented the nature, characteristics,

9  qualities, and origin of its products by falsely claiming to have designed its system

10 amounts to a claim for false designation of authorship and is barred under § 1125

11 (a)(1)(B). *See Sybersound*, 517 F.3d at 1144; *Baden*, 556 F.3d at 1307. Moreover,

12 § 1125(a) "does not have boundless application as a remedy for unfair trade practices."

13 *Dastar*, 539 U.S. at 29. Just as § 1125(a) should not be used to "provide authors of

14 creative works with perpetual protection that they [do] not have under the Copyright

15 Act," *Sybersound*, 517 F.3d at 1144 (citing *Dastar*, 539 U.S. at 37), the provision also

16 should not be used to provide patent protection beyond what is granted by statute. Thus,

17 the court grants TSI's motion to dismiss Lundberg's second Lanham Act claim.

18       3.  <u>False Advertisement Claim under 15 U.S.C. § 1125(a)(1)(B)</u>

19       Lundberg's third allegation under 15 U.S.C. § 1125(a)(1) is that TSI falsely

20 described and misrepresented its products "[b]y claiming improvements in the Wet ESP

21 design without stating what these improvements are . . . ." (Compl. ¶ 31.) TSI argues

22

ORDER- 10

1 this claim is also barred because its alleged misrepresentation of "improvements"

2 constitutes puffery and is not actionable under the Lanham Act.[3] (*See* Mot. at 10.)

3       An alleged misrepresentation that constitutes "puffery" rather than a misleading

4 statement of fact is "immun[e] . . . from liability under the Lanham Act*.*" *Cook, Perkiss*

5 *& Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990).

6 Moreover, "whether an alleged misrepresentation 'is a statement of fact' or is instead

7 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion."

8 *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). A

9 statement that is general, subjective, and "extremely unlikely to induce consumer

10 reliance" is considered non-actionable puffery. *Id.* By contrast, an actionable

11 misrepresentation of fact is "quantifiable" and "makes a claim as to the specific or

12 absolute characteristics of the product." *Id.* (internal quotations omitted).

13       In this case, TSI's alleged false claim of "improvements" constitutes puffery and

14 is not actionable under the Lanham Act. (*See* Compl. ¶ 31); *see also Cook, Perkiss &*

15 *Liehe*, 911 F.2d at 245. A claim that a product is "improved" is general and subjective

16 and does not implicate "specific or absolute characteristics of the product." *Newcal*

---

[3] There are five elements to a false advertising claim under section 43(a) of the Lanham Act: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012).

*Indus.*, 513 F.3d at 1053.  Such a claim, without specific reference to a quantifiable or measureable feature or function of the product, is unlikely to induce reasonable reliance on the part of a consumer.  *See id.*; *see also Appliance Recycling Centers of Am., Inc. v. JACO Envtl., Inc.*, 378 F. App'x 652, 654 (9th Cir. 2010) (holding that the "statement that Defendants' method for recycling appliances is a 'unique' system with 'unprecedented' results is non-actionable puffery because it is a 'general, subjective claim,' rather than a statement about 'specific or absolute characteristics'") (quoting *Newcal Indus.*, 513 F.3d at 1053).

Lundberg argues in its response to TSI's motion that TSI's press release "go[es] beyond the classic 'new and improved'" by claiming "improvements to both construction and gas flow that enhance overall productivity and maintenance."  (*See* Resp. at 6-7 (quoting Compl., Ex. 3 at 23).) Although Lundberg attaches the press release containing this language as an exhibit to its complaint,[4] (*see* Compl., Ex. 3 at 23) Lundberg nevertheless fails to allege in its complaint the specific language in the press release that is false or misleading (*see id*. ¶¶ 1-35).  Moreover, the allegations in the complaint contradict Lundberg's later position in its response memorandum that "the press release lists specific characteristics of the technology." (Resp. at 7.)  Specifically, the complaint alleges that "[t]he press release does not list what the alleged 'improvements' are" (*id. ¶* 27) and that TSI "claim[s] 'improvements' without stating what these

---

[4] On a motion to dismiss, the court may properly consider exhibits attached to the complaint "without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

ORDER- 12

improvements are" (*id.* ¶ 31). Thus, Lundberg seeks to amend its complaint through its opposition to TSI's motion to dismiss, which it may not do. *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Moreover, Lundberg must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Ninth Circuit Court of Appeals has yet to decide whether these requirements apply to false advertising claims specifically under the Lanham Act, but it has applied Rule 9(b)'s heightened requirements to other types of false advertising claims. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to claim for false advertising under California Business and Professions Code section 17200); *Vess*, 317 F.3d at 1102-04 (applying Rule 9(b) to claim for false advertising under California Business and Professions Code section 17500).

Although there is some disagreement, the majority of district courts within the Ninth Circuit have extended the Ninth Circuit's application of Rule 9(b) pleading standards in *Kearns* and *Vess* to false advertising claims under the Lanham Act. *See, e.g.*, *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10CV974 DMS CAB, 2011 WL 1630809, at *5 (S.D. Cal. Apr. 28, 2011) (collecting cases); *Ecodisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010). [5]

---

[5] *But see*, *Oracle Am., Inc. v. TERiX Computer Co.*, No. 5:13-CV-03385-PSG, 2014 WL 31344, at *10 (N.D. Cal. Jan. 3, 2014) (declining to apply Rule 9(b) to a false advertising claim under the Lanham Act because "the Ninth Circuit itself has never held as such"); *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, C08-04397 WHA, 2008 WL 6742224, at *4 (N.D. Cal. Dec. 18, 2008) (declining to apply Rule 9(b) to a false advertising claim under the Lanham Act

Many of these courts have applied the heightened pleading standard to false advertising claims under the Lanham Act when the claim relies on factual allegations that necessarily constitute fraud. *See*, *e.g.*, *Sw. Windpower, Inc. v. Imperial Elec., Inc*., CV-10-8200-SMM, 2011 WL 486089, at *4 (D. Ariz. Feb. 4, 2011) (applying Rule 9(b) to plaintiff's Lanham Act claim that was "grounded in fraud" where the complaint alleged "false or misleading descriptions and representations of fact" made in "bad faith"); *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC*, No. CV-05-2832-PHX-MHM, 2006 WL 1441014, at *4-5 (D. Ariz. May 24, 2006) (applying Rule 9(b) to plaintiff's Lanham Act claim that was "grounded" or "sounding" in fraud when the complaint alleged "knowing" misrepresentations); *Collegenet, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, at *4 (D. Or. Oct. 12, 2004) (applying Rule 9(b) to a Lanham Act claim where the plaintiff alleged "knowing" and "intentional" conduct); *see also Volunteer Firemen's Ins. Servs., Inc. v. McNeil & Co., Inc.*, 221 F.R.D. 388, 393 (W.D.N.Y. 2004) (applying Rule 9(b) to a false advertising counterclaim in which the defendant alleged that "the plaintiff 'brazenly, willfully and wantonly' misrepresented the nature of the parties' products in order to defraud potential customers"). These cases suggest that where a plaintiff's Lanham Act claim "sounds in fraud," application of the heightened pleading

---

because ". . . neither the Ninth Circuit nor this Court has addressed the extent to which Rule 9(b) applies to Lanham Act claims," and "[the defendant] has not provided any persuasive authority for its argument that a false advertising claim is subject to a heightened pleading standard . . .") In both cases, the court reached its conclusion without reference to or analysis of the Ninth's Circuit's decisions in *Vess* or *Kearns*.

ORDER- 14

standards of Rule 9(b) is appropriate. In the absence of definitive direction from the Ninth Circuit, the court finds this reasoning persuasive.

Here, the alleged facts underpinning Lundberg's Lanham Act claim for false advertising necessarily constitute fraud. *See Vess*, 317 F.3d at 1105. Lundberg alleges in its complaint that "[t]he only reason TSI can offer [its] environmental control products is because it learned Lundberg's trade secrets and hired Raemhild" (Compl. ¶ 22), that TSI "induced Raemhild to breach his [c]onfidentiality, [n]oncompetition, and [n]onsolicitation agreement[s]" (*id.* ¶ 26), and that TSI "stole and used Lundberg's design along with secrets and confidential and proprietary information . . . ." (*id.* ¶ 30). Lundberg further alleges that TSI's press release falsely advertises "improvements" to the technology that "misrepresent the nature, quality, and characteristics of Lundberg's goods to the public," (*id.* ¶ 27) and that "TSI is falsely describing and misrepresenting [TSI's] products" (*id.* ¶ 31). Those allegations indicate that TSI's conduct was intentional and that its misrepresentations of Lundberg's and its own products were knowingly false.[6]

Based on those allegations and the aforementioned authority, Lundberg must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and "include the 'the who, what, when, where, and how' of the alleged false advertising." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)).

---

[6] Compare these allegations with those in *PlastWood SRL v. Rose Art Indus., Inc.,* C07-0458JLR, 2007 WL 3129589 (W.D. Wash. Oct. 23, 2007), where the court declined to apply Federal Rule of Civil Procedure 9(b) to a Lanham Act false advertising claim based on its determination that the "[c]omplaint falls short of alleging fraud or facts necessarily constituting fraud because it never averred that [the plaintiff] engaged in any knowing or intentional conduct . . . ." *Id.* at *7.

Lundberg fails to identify in its complaint which specific statements of fact contained in TSI's press release or website are false and misleading and specifically how those statements are false and misleading. (*See generally* Compl.) Thus, at a minimum, Lundberg's claim of false advertising fails to satisfy the "what" and the "how" aspects of Rule 9(b). *See Vess,* 317 F.3d at 1106. The court, therefore, also dismisses Lundberg's third claim under 15 U.S.C. § 1125(a)(1).

**C.     Leave to Amend**

When the court grants a motion to dismiss, it must also decide whether to grant leave to amend. *Mora v. Countrywide Mortg.*, No. 2:11-cv-00899-GMN-RJJ, 2012 WL 254056, at *2 (D. Nev. Jan. 26, 2012). Ordinarily, leave to amend a complaint should be freely given following an order of dismissal. *See* Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990)).

Here, the court concludes that granting leave to amend Lundberg's false designation of origin and false designation of authorship claims would be futile. The court can conceive of no possible cure for these claims because they are essentially claims of false authorship and thus conflict with the holdings in *Dastar* and *Sybersound*. *See* 539 U.S. at 37; 517 F.3d at 1144. The court, therefore, denies Lundberg leave to

amend its Lanham Act claims alleging false designation of origin and false designation of authorship.  (*See* Compl. ¶¶ 30, 33.)

The court cannot conclude, however, that amendment of Lundberg's third claim under U.S.C. § 1125(a) would necessarily be futile. TSI argues that amendment would be futile because the statement from the press release that TSI has made "several key improvements to both construction and gas flow" (Compl. Ex. 3, at 23) is still nothing more than "classic puffery" (Reply (Dkt. # 13) at 10).  The court is skeptical that Lundberg can persuasively argue that a false statement of improvements to the construction and gas flow of TSI's product constitutes a quantifiable or measurable claim rather than a general and subjective claim that would be unlikely to induce consumer reliance.  *See, e.g.*, *Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 367-68 (D. Del. 2009) (concluding that the statements that "new and improved" wiper blades "improv[ed] the performance of the rubber compounds" and that "improved connectors" made "for easier installation and better performance for the life of the product" were nonactionable puffery under the Lanham Act); *see also In re Cornerstone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069, 1087-88 (C.D. Cal. 2005) (finding, in the context of federal securities litigation, that a CEO's statements describing "record achievements" and attributing a company's accomplishments to "continuing improvements in operations and increased cash flow from acquisitions and internal growth" were "mere puffing" because they were "not capable of objective verification."). Nonetheless, the court cannot conclude that the pleading "could not be cured by the allegation of other facts." *Cook, Perkiss & Liehe*, 911 F.2d at 247.  The court, therefore,

grants Lundberg leave to amend its claim that TSI falsely advertised "improvements" to specific features of its products. (*See* Compl. ¶¶31-32, 34.) In filing its amended complaint, Lundberg must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS TSI's motion to dismiss (Dkt. # 6), but also GRANTS Lundberg leave to amend its false advertisement claim to cure the deficiencies identified in this order. If Lundberg chooses to file an amended complaint, it must do so within 21 days of the date of this order. If Lundberg does not timely file an amended complaint, the court will dismiss Lundberg's false advertising claim without prejudice.[7]

Dated this 20th day of October, 2014.

JAMES L. ROBART
United States District Judge

---

[7] TSI asks the court to exercise its discretion to retain supplemental jurisdiction under 28 U.S.C. § 1367(c) of the remaining state law claims even after the court dismisses Lundberg's Lanham Act claims. (*See* Mot. at 10-11.) Because the court grants Lundberg leave to amend its false advertisement claim under 15 U.S.C. § 1125(a)(1)(B), the court declines to decide the issue of supplemental jurisdiction at this time.