1
2

Honorable James L. Robart

3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

A.H. LUNDBERG ASSOCIATES, INC.,

Plaintiff,

v.

TSI, INC.,

Defendant.

NO. 2:14-cv-01160-JLR

STIPULATED PROTECTIVE ORDER

**NOTE ON MOTION CALENDAR:**
**April 20, 2015**

13

## 1.  PURPOSES AND LIMITATIONS

14   Discovery in this action is likely to involve production of confidential, proprietary, or

15 private information for which special protection may be warranted. Accordingly, the parties

16 hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

17 The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer

18 blanket protection on all disclosures or responses to discovery, the protection it affords from

19 public disclosure and use extends only to the limited information or items that are entitled to

20 confidential treatment under the applicable legal principles, and it does not presumptively

21 entitle parties to file confidential information under seal.

22 ## 2.  "CONFIDENTIAL" MATERIAL

23   2.1 "Confidential" material shall include the following documents and tangible things

24 produced or otherwise exchanged: (1) internal communication within Lundberg or TSI

25 relevant to this dispute; (2) communications with non-parties made in the regular course of

26

STIPULATED PROTECTIVE ORDER – 1
(2:14-cv-01160-JLR)

TSI001-0009 3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1    business that are relevant to this dispute; (3) general layout technology schemes; and (4) past

2    or otherwise non-applicable or non-current business plans and project information.

3        2.2    "Highly Confidential – Attorneys' Eyes Only" material shall include any

4    document, material, or information otherwise meeting the definition of "Confidential," the

5    disclosure of which to another party or non-party the disclosing party reasonably believes

6    would likely result in competitive, commercial, financial, or other harm to the disclosing party

7    or its clients or potential clients. "Highly Confidential – Attorneys' Eyes Only" material may

8    include, without limitation:   (1) Any and all drawings and specifications, other than the

9    general layout schemes, for Wet Electrostatic Precipitators ("WESPs"),   Regenerative

10   Thermal Oxidizers ("RTOs") and Regenerative Catalytic Oxidizers ("RCOs"); (2) documents

11   relating to clients and potential clients (including customer lists and contact information); (3)

12   current or future project information; (4) financial and budgetary information; and (5) current

13   or future business plans.

14       2.3    "Expert" or "Consultant":   An individual with specialized knowledge or

15   experience in a matter pertinent to the litigation who (1) has been retained by either party to

16   serve as an expert witness or as a consultant in this action, (2) is not currently employed by,

17   retained by, or otherwise providing services to Lundberg or TSI, or their competitors, and (3)

18   at the time of retention, is not anticipated to become employed by, retained by, or otherwise

19   provide services to either party or their competitors.   Counsel for both parties shall include in

20   any engagement letter with an Expert or Consultant a requirement that the Expert or

21   Consultant report to counsel as soon as he or she anticipates becoming employed by, retained

22   by, or otherwise providing services to the parties' competitors.   If, at any time after their

23   retention as an Expert or Consultant, the individual becomes or anticipates becoming

24   employed by, retained by or otherwise providing services to the parties competitors, counsel

25   shall immediately notify the other party of such change in circumstances and cease any

26

STIPULATED PROTECTIVE ORDER – 2
(2:14-cv-01160-JLR)

TSI001-0009  3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 3 of 13

1   further sharing of materials designated as Confidential or Highly Confidential – Attorneys'

2   Eyes Only.

3   **3.      SCOPE**

4        The protections conferred by this agreement cover not only Confidential or Highly

5   Confidential – Attorneys' Eyes Only material (as defined above), but also (1) any information

6   copied or extracted from Confidential or Highly Confidential – Attorneys' Eyes Only

7   material; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly

8   Confidential – Attorneys' Eyes Only material; and (3) any testimony, conversations, or

9   presentations by parties or their counsel that might reveal Confidential or Highly Confidential

10  – Attorneys' Eyes Only material. However, the protections conferred by this agreement do not

11  cover information that is in the public domain or becomes part of the public domain through

12  trial or otherwise.

13  **4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

14       4.1     Basic Principles. A receiving party may use Confidential or Highly

15  Confidential – Attorneys' Eyes Only material that is disclosed or produced by another party

16  or by a non-party in connection with this case only for prosecuting, defending, or attempting

17  to settle this litigation. Confidential or Highly Confidential – Attorneys' Eyes Only material

18  may be disclosed only to the categories of persons and under the conditions described in this

19  agreement. Confidential or Highly Confidential – Attorneys' Eyes Only material must be

20  stored and maintained by a receiving party at a location and in a secure manner that ensures

21  that access is limited to the persons authorized under this agreement.

22       4.2     Disclosure of "Confidential" Information or Items. Unless otherwise ordered

23  by the court or permitted in writing by the designating party, a receiving party may disclose

24  any confidential material only to:

25

26

STIPULATED PROTECTIVE ORDER – 3
(2:14-cv-01160-JLR)

TSI001-0009 3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 4 of 13

(a)      the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)      experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court, court personnel, and court reporters and their staff;

(e)      copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3      Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation,

STIPULATED PROTECTIVE ORDER – 4
(2:14-cv-01160-JLR)

TSI001-0009 3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 5 of 13

1  whether the document can be redacted, or whether a motion to seal or stipulation and

2  proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be

3  followed and the standards that will be applied when a party seeks permission from the court

4  to file material under seal.

5       4.4   Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or

6  Items. Unless otherwise ordered by the court or permitted in writing by the designating party,

7  a receiving party may disclose any Highly Confidential – Attorneys' Eyes Only material only

8  to:

9       (a)   the receiving party's counsel of record in this action, as well as

10  employees of counsel to whom it is reasonably necessary to disclose the information for this

11  litigation;

12       (b)   experts and consultants to whom disclosure is reasonably necessary for

13  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A);

15       (c)   the court, court personnel, and court reporters and their staff;

16       (d)   copy or imaging services retained by counsel to assist in the duplication

17  of Highly Confidential – Attorneys' Eyes Only material, provided that counsel for the party

18  retaining the copy or imaging service instructs the service not to disclose any Highly

19  Confidential – Attorneys' Eyes Only material to third parties and to immediately return all

20  originals and copies of any Highly Confidential – Attorneys' Eyes Only material;

21       (e)   during their depositions, witnesses in the action to whom disclosure is

22  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

23  Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

24  Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly

25  Confidential – Attorneys' Eyes Only material must be separately bound by the court reporter

26  and may not be disclosed to anyone except as permitted under this agreement.

STIPULATED PROTECTIVE ORDER – 5
(2:14-cv-01160-JLR)

TSI001-0009 3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 6 of 13

(f)   at this time, Lundberg agrees to designate these documents as "Highly Confidential – Attorneys' Eyes Only" to expedite the discovery process. Lundberg believes that this "Attorneys' Eyes Only" designation is unnecessary and reserves all rights to seek Court intervention to de-designate documents at a later time.

4.5   Filing Highly Confidential – Attorneys' Eyes Only Material. Before filing Highly Confidential – Attorneys Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Highly Confidential – Attorneys' Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.   **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to necessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

STIPULATED PROTECTIVE ORDER – 6
(2:14-cv-01160-JLR)

TSI001-0009 3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 7 of 13

1  If it comes to a designating party's attention that information or items that it

2  designated for protection do not qualify for protection, the designating party must promptly

3  notify all other parties that it is withdrawing the mistaken designation.

4      5.2    Manner and Timing of Designations. Except as otherwise provided in this

5  agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

6  ordered, disclosure or discovery material that qualifies for protection under this agreement

7  must be clearly so designated before or when the material is disclosed or produced.

8      (a)    Information in documentary form: (e.g., paper or electronic documents

9  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

10  proceedings), the designating party must affix the word "Confidential"  or " Highly

11  Confidential – Attorneys' Eyes Only" to each page that contains confidential material. If only

12  a portion or portions of the material on a page qualifies for protection, the producing party

13  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

14  the margins).

15      (b)    Testimony given in deposition or in other pretrial or trial proceedings:

16  the parties must identify on the record, during the deposition, hearing, or other proceeding, all

17  protected testimony, without prejudice to their right to so designate other testimony after

18  reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

19  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

20      (c)    Other tangible items: the producing party must affix in a prominent

21  place on the exterior of the container or containers in which the information or item is stored

22  the word "Confidential" or words "Highly Confidential – Attorneys' Eyes Only." If only a

23  portion or portions of the information or item warrant protection, the producing party, to the

24  extent practicable, shall identify the protected portion(s).

25      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

26  designate qualified information or items does not, standing alone, waive the designating

STIPULATED PROTECTIVE ORDER – 7
(2:14-cv-01160-JLR)

TSI001-0009 3038350

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 8 of 13

1  party's right to secure protection under this agreement for such material. Upon timely

2  correction of a designation, the receiving party must make reasonable efforts to ensure that the

3  material is treated in accordance with the provisions of this agreement.

4  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5         6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

6  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

7  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

9  challenge a confidentiality designation by electing not to mount a challenge promptly after the

10  original designation is disclosed.

11        6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

12  regarding confidential designations without court involvement. Any motion regarding

13  confidential designations or for a protective order must include a certification, in the motion

14  or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

15  conference with other affected parties in an effort to resolve the dispute without court action.

16  The certification must list the date, manner, and participants to the conference. A good faith

17  effort to confer requires a face-to-face meeting or a telephone conference.

18        6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

19  intervention, the designating party may file and serve a motion to retain confidentiality under

20  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden

21  of persuasion in any such motion shall be on the designating party. Frivolous challenges, and

22  those made for an improper purpose (e.g., to harass or impose unnecessary expenses and

23  burdens on other parties) may expose the challenging party to sanctions. All parties shall

24  continue to maintain the material in question as confidential until the court rules on the

25  challenge.

26

STIPULATED PROTECTIVE ORDER – 8
(2:14-cv-01160-JLR)

TS1001-0009 3038350

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 9 of 13

**7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

STIPULATED PROTECTIVE ORDER – 9
(2:14-cv-01160-JLR)

TSI001-0009 3038350

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR Document 19 Filed 04/20/15 Page 10 of 13

1   order or agreement that provides for production without prior privilege review. Parties shall

2   confer on an appropriate non-waiver order under Fed. R. Evid. 502.

3   **10.   NON TERMINATION AND RETURN OF DOCUMENTS**

4       Within 60 days after the termination of this action, including all appeals, each

5   receiving party must return all confidential material to the producing party, including all

6   copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate

7   methods of destruction.

8       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

10  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

11  work product, even if such materials contain confidential material.

12      The confidentiality obligations imposed by this agreement shall remain in effect until

13  a designating party agrees otherwise in writing or a court orders otherwise.

14      IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

15

16  DATED:   April 20, 2015              _s/ Randall P. Beighle_____
                                        Randall P. Beighle, WSBA No. 13421
17                                      Tiffany Scott Connors, WSBA No. 41740
                                        Attorneys for Plaintiff A.H. Lundberg
18                                      Associates, Inc.

19                                      Lane Powell PC
20                                      1420 Fifth Avenue, Suite 4200
                                        Seattle, WA  98111-9402
21                                      Phone:   206-223-7000
                                        Fax:     206-223-7107
22                                      Email:   beighler@lanepowell.com
                                                 connorst@lanepowell.com
23

24

25

26

STIPULATED PROTECTIVE ORDER – 10                    **CARNEY BADLEY SPELLMAN, P.S.**
(2:14-cv-01160-JLR)                                     701 Fifth Avenue, Suite 3600
                                                          Seattle, WA 98104-7010
                                                            (206) 622-8020
TSI001-0009 3038350

1  DATED:  April 20, 2015                    *s/ Emilia L. Sweeney*
                                             Emilia L. Sweeney, WSBA No. 23371
2                                            Kenneth W. Hart, WSBA No. 15511
                                             Attorneys for Defendant TSI, Inc.

3
                                             Carney Badley Spellman, P.S.
4                                            701 Fifth Avenue, Suite 3600
                                             Seattle, WA 98104
5                                            Phone:    206-622-8020
                                             Fax:      206-467-8215
6                                            Email:    sweeney@carneylaw.com
                                                       hart@carneylaw.com
7

8       PURSUANT TO STIPULATION, IT IS SO ORDERED.

9

10  DATED: April 21, 2015

11                                           Honorable James L. Robart

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 11
(2:14-cv-01160-JLR)

TSI001-0009 3038350

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR  Document 19  Filed 04/20/15  Page 12 of 13

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Western District of Washington on _____ [date]

in the case of _____ [**insert formal name of the case and the number and initials**

**assigned to it by the court**]. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – 12
(2:14-cv-01160-JLR)

TSI001-0009 3038350

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 2:14-cv-01160-JLR   Document 19   Filed 04/20/15   Page 13 of 13

1

### CERTIFICATE OF SERVICE

2

I hereby certify that on this 20th day of April, 2015, I electronically filed the foregoing Stipulated Protective Order with the Clerk of the Court using the CM/ECF system which

3

will send notification of such filing to the following:

4

**Attorneys for Plaintiff**

5

Randall P. Beighle ......................................... beighler@lanepowell.com
Tiffany Scott Connors ................................. connors@lanepowell.com

6

7

DATED this 20th day of April, 2015.

8

9

Christine Williams
Legal Assistant to Emilia L. Sweeney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 13
(2:14-cv-01160-JLR)

TSI001-0009 3038350

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020