UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.H. Lundberg Associates, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TSI, Inc. ,<br><br>　　　　　　　Defendant. | Case No. 2:14-cv-01160-JLR<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF** |

A.H. Lundberg Associates, Inc. hereby states its complaint against TSI, Inc. as follows:

## I.  PARTIES

1.　Plaintiff A.H. Lundberg Associates, Inc. ("Lundberg") is a Washington corporation with its principal place of business in Bellevue, Washington.  Lundberg is a leading engineering and equipment supplier in the pulp and paper industry, wood products industry, and many other process industries.  Lundberg is known for its pollution compliance solutions.

2.　Defendant TSI, Inc. ("TSI") is a Washington corporation with its principal place of business in Lynnwood, Washington.  Upon information and belief, TSI designs and builds equipment for automated plants in the engineered wood and biomass industries.  TSI claims to offer pollution compliance systems in competition with Lundberg.

## II. JURISDICTION AND VENUE

3.　This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(b).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because all

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

claims in suit are so related that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper under 28 U.S.C. § 1391(b)(1) because TSI resides in this judicial district.

## III.  FACTUAL ALLEGATIONS

**A.     Lundberg as an Innovator in Producing Environmentally Sound Equipment**

4.     Lundberg is a leading engineering and equipment supplier in the pulp and paper and other industries. Lundberg supplies customized air pollution control systems and evaporation technology as well as practical, economically sound solutions for energy efficiency and chemical processing.

5.     The history of Lundberg, and the company's wealth of experience, dates back to the 1930's when Alerick Halvar Lundberg started working for a sulfite pulp manufacturer. Alerick Lundberg formed A.H. Lundberg, Inc. in 1951, acting as a representative for some of the most important companies in the pulping industry.

6.     Starting in the 1950's Lundberg and associated companies began to operate as a worldwide presence; the Lundberg expertise was recognized across the globe, and, at times, Lundberg has had related affiliates in Canada, Portugal, Austria, Spain, and Belgium, in addition to the United States.

7.     In 2002, Lundberg acquired the intellectual property of Geoenergy International Corporation ("Geoenergy®"), which designed and supplied environmental control systems to a variety of industries. Of primary importance in this acquisition, were Geoenergy®'s proprietary designs for a Wet Electrostatic Precipitator ("Wet ESP"), which Lundberg used for fine particulate emissions control in industrial applications.

8.     Lundberg's Wet ESPs feature a special E-Tube® design with a proprietary disk-in-tube electrode configuration. Lundberg's Wet ESPs can be used for wood dryers in the panelboard and wood pellet industries, sewage sludge incinerators, fiberglass/mineral wool forming operations, hazardous waste incinerators, biomass-fired boilers, and fine particle sources at many other process applications.

FIRST AMENDED COMPLAINT FOR INJUNCTION,
DAMAGES, AND OTHER RELIEF - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

9. In addition to the Wet ESPs, Lundberg also acquired and built dedicated thermal oxidizer systems for harsh industrial environments. These Lundberg systems are designed to combust a wide variety of industrial pollutants and to meet or exceed all environmental requirements. Lundberg's GeoTherm® Regenerative Thermal Oxidizers ("RTO") and GeoCat® Regenerative Catalytic Oxidizers ("RCO") are a proven economical and energy-efficient family of technologies designed to meet this challenge.

10. Lundberg conducts business in virtually every part of the world and has become known as a leader in environmental solutions. Lundberg has supplied its Wet ESP, RTO, and RCO technology to manufacturers across a variety of industries. Since the mid-1980s, Geoenergy/Lundberg has installed more Wet ESPs in North America than any other company. Geoenergy was the first company to introduce a tube-type Wet ESP into the wood products industry.

**B.    TSI's Agreement to Protect Lundberg's Trade Secrets**

11. TSI opened in 1992 to provide more effective machines and systems for the engineered wood and biomass industries.

12. TSI entered into a business relationship with Lundberg beginning in 2007 and was also a customer of Lundberg's. TSI relied on Lundberg's products for use with the engineered wood and biomass wood dryer systems that TSI designed and supplied. TSI purchased Wet ESP, RTO, and RCO products from Lundberg to sell to customers of TSI.

13. As part of their business relationship, TSI and Lundberg entered into a non-disclosure agreement drafted by TSI. *See* Ex. 1. The non-disclosure agreement stated that "[i]n connection with any Project, the parties desire to protect their proprietary rights and any confidential information to be shared between them and desire to give each other written assurances with respect to the confidentiality, nondisclosure and use of such information."

14. TSI's non-disclosure agreement with Lundberg explicitly recognized Lundberg's "plans, trade secrets, data, know-how, concepts, processes, [and] techniques" along with many other forms of "Confidential Information." Under the non-disclosure agreement,

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

TSI agreed that all of Lundberg's trade secrets and other Confidential Information would remain Lundberg's "exclusive property." TSI also agreed not to use any of Lundberg's Confidential Information "for any purpose other than the Project" with Lundberg.

15. TSI's obligations under the non-disclosure agreement were perpetual; TSI agreed to protect and not to misuse any of Lundberg's trade secrets or Confidential Information "for as long as any Confidential Information disclosed by the parties to each other is in possession or knowledge of the recipient."

16. William B. Teal, the President of TSI, executed the non-disclosure agreement on July 30, 2012.

## C. TSI's Hire of Former Lundberg Employee, Gary Raemhild

17. Gary Raemhild was a principal of Geoenergy® who Lundberg hired shortly after Lundberg's acquisition of Geoenergy®'s assets. Raemhild remained with Lundberg helping to build and improve Lundberg's Wet ESP and other systems until August 2012. He was a critical part of Lundberg's Geoenergy® team.

18. As part of his employment for Lundberg, Raemhild signed a Confidentiality, Noncompetition and Nonsolicitation Agreement on July 24, 2003. *See* Ex. 2. By this Agreement, Raemhild "acknowledge[d] that by virtue of his employment and position with [Lundberg], [Raemhild] has direct access to a substantial portion of [Lundberg's] confidential business records and information, the disclosure of which to [Lundberg's] competitors or other third parties could be highly detrimental to [Lundberg]." Raemhild explicitly agreed to protect as confidential "existing and to-be-developed or acquired product designs and services, for all [Lundberg] products, systems, and services including regerative thermal oxidizers, regenerative catalytic oxidizers, and wet electrostatic precipitators." To this end, Raemhild agreed that he would "not, during or at any time after the termination of his employment with [Lundberg], regardless of the reason for such termination, disclose [Lundberg's] Confidential Information to any person, firm, corporation, association or other entity, for any reason." Importantly,

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6422483.1

1  Raemhild agreed and was obligated not to "remove from [Lundberg's] premises (physically or
2  electronically) any Confidential Information."

3  19. In August 2012, Raemhild resigned from Lundberg to work for TSI. Prior to
4  resigning from Lundberg, Raemhild violated his fiduciary duty and obligations to Lundberg,
5  for the benefit of TSI. Lundberg had no knowledge of Raemhild's breaches of fiduciary duty.

6  20. On August 17, 2012, Lundberg sent Raemhild, who was then employed by TSI,
7  a letter reminding him of his confidentiality, noncompetition, and nondisclosure obligations to
8  Lundberg.

**D. TSI Steals Lundberg's Technology and Sells it as TSI's Own**

10  21. Immediately after TSI hired Raemhild, TSI began offering Wet ESPs, RTOs,
11  and RCOs. This new technology constitutes TSI's entire pollution abatement product line.

12  22. Beginning after Raemhild's hire in the fall of 2012, TSI's website began to
13  feature pictures of TSI's "new" technology, which demonstrated direct copying of Lundberg's
14  designs. The equipment shown on TSI's website is actually Lundberg's, designed by
15  Geoenergy®/Lundberg and manufactured under contract for Lundberg. Lundberg engineered,
16  manufactured, and installed some of the equipment for TSI at a pellet mill in Waycross, GA, in
17  its capacity as a subcontractor for TSI. On its website, TSI misrepresents the nature of its
18  products by claiming the Lundberg products as its own. The only reason TSI can offer the
19  environmental control products is because it learned Lundberg's trade secrets and hired
20  Raemhild, without whom TSI could not have designed its own products. TSI's website falsely
21  designates the origin of TSI's goods; TSI is reverse passing off Lundberg's equipment as its
22  own.

23  23. TSI's products are copied from the Lundberg products designs based on
24  information and drawings provided from Raemhild and Jarrad Markley, another former
25  Lundberg employee. TSI's design of its equipment using the Lundberg trade secrets and
26  confidential information violates TSI's non-disclosure agreement with Lundberg. TSI also
27  induced and/or aided and abetted Raemhild to violate Confidentiality, Noncompetition and

FIRST AMENDED COMPLAINT FOR INJUNCTION,
DAMAGES, AND OTHER RELIEF - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Nonsolicitation Agreement with Lundberg and his fiduciary obligations. Similarly, TSI also induced and aided Markley to breach his confidentiality obligations arising from his employment agreement with Lundberg. The actual design of TSI's products demonstrate that, in violation of the governing agreements, Raemhild and Markley shared Lundberg's confidential design information and trade secrets which TSI copied and used to compete with Lundberg.

24. TSI's own press release confirms its willful disregard of obligations to protect Lundberg's trade secrets and confidential information. *See* Ex. 3. TSI's press release issued in November 2013 states "TSI Launches Emissions Control," which acknowledges that TSI was not providing the disputed technology before hiring the former Lundberg employees and breaching its confidentiality and non-disclosure agreement and Raemhild's Confidentiality, Noncompetition and Nonsolicitation Agreement. The press release states that TSI "recently launched its own in-house division for the production of Emission Control Systems, specifically wet electrostatic precipitators (Wet ESPS)."

25. Slandering Lundberg, the press release goes on to state that TSI has "a long history of working with other suppliers of this equipment . . . however, . . . we began to see shortcomings in design that we were powerless to address and were often left holding the bag for performance issues as a result. The solution was to take matters into our own hands and develop systems that we knew would match the high standards we implement in our other products." The press release claims that TSI developed its own systems, but that is a misrepresentation. Rather, TSI copied Lundberg's system and used confidential information and trade secrets learned from Lundberg employees. TSI's claim to have taken matters into its own hands and developed its own systems falsely describes the nature of its Wet ESP technology and reverse passes off Lundberg's innovations as TSI's own.

26. The TSI press release also boasts that "TSI has hired two highly experience executives from the emission control industry, Gary Raemhild and Jarrad Markley, and tasked them with recruiting the staff and setting up a process control and engineering group with the

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

existing TSI structure." By asking Raemhild and Markely to develop a product line by using Lundberg's technology, TSI induced Raemhild to breach his Confidentiality, Noncompetition and Nonsolicitation Agreement and induced Raemhild to violate his duty of confidentially owed to Lundberg.

27. As if the prior phrasing did not say enough about TSI's conduct, TSI's press release also confirms TSI's misuse of Lundberg's trade secrets and confidential information. Specifically, TSI claims "several key improvements." The press release does not list what the alleged "improvements" are. These statements, along with the manner in which TSI created its technology, misrepresent the nature, quality, and characteristics of Lundberg's goods to the public.

28. In addition to hiring Lundberg's key employee, aiding and abetting Ramehild and Markely to breach their obligations not to disclose Lundberg's confidences and trade secrets, copying Lundberg's technology, and misusing Lundberg's trade secrets, TSI used Raemhild's confidential knowledge of Lundberg's customers and pending proposals to obtain contracts to sell products that TSI would not have obtained without using Raemhild's confidential knowledge in breach of his Confidentiality, Noncompetition and Nonsolicitation Agreement. Further, TSI and Raemhild approached clients and potential clients who had been working with Lundberg, tortiously interfering with Lundberg's contractual relations.

## IV.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION UNDER 15 U.S.C. § 1125(a)

29. Lundberg repeats, realleges, and incorporates ¶¶ 1-28 stated above.

30. By marketing Lundberg's technology as TSI's own where TSI has only slightly modified the technology, TSI is reverse passing off Lundberg's equipment and innovations. TSI's false claims to have designed its system misrepresent the nature, characteristics, qualities, and origin of its goods because, in fact, TSI stole and used Lundberg's design along with trade secrets and confidential and proprietary information from Raemhild.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

31. By claiming "improvements" in the Wet ESP design without stating what these improvements are, TSI is falsely describing and misrepresenting its products.

32. TSI has made these misrepresentations publicly, both on its website and in a press release beginning in 2013 and continuing through the present.

33. TSI's descriptions of its products are likely to cause mistake and to deceive as to the origin of its goods. TSI never states where the design of its products came from or how it began to offer the technology.

34. TSI's descriptions of its products misrepresent the nature, characteristics, and qualities of its goods and commercial activities.

35. TSI's conduct violates section 1125(a) and has damaged Lundberg.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**

36. Lundberg repeats, realleges, and incorporates ¶¶ 1-35 stated above.

37. Lundberg and TSI entered into a valid non-disclosure agreement drafted by TSI on July 30, 2012.

38. Among other obligations, TSI agreed to protect Lundberg's proprietary rights, trade secrets, and confidential information both during and after the agreement. Raemhild and Markley also agreed to protect Lundberg's information when they signed the Confidentiality, Noncompetition and Nonsolicitation Agreement and employment agreement, respectively.

39. TSI breached its non-disclosure agreement when it incorporated Lundberg's proprietary rights, trade secrets, and confidential information into TSI's technology and equipment. TSI also induced Raemhild and Markley to breach their confidentiality agreements when it hired Raemhild away from Lundberg and tasked him and Markley with developing a competing Wet ESP product line for TSI that incorporated Lundberg's trade secrets and confidential designs.

40. TSI's conduct violates the non-disclosure agreement, Raemhild's Confidentiality, Noncompetition and Nonsolicitation Agreement, and Markley's employment agreement, and has damaged Lundberg.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

**THIRD CAUSE OF ACTION – UNJUST ENRICHMENT**

41. Lundberg repeats, realleges, and incorporates ¶¶ 1-40 stated above.

42. To the extent that TSI did not agree, expressly or by implication, to protect and not to use Lundberg's proprietary rights, trade secrets, and confidential information, a legal obligation to limit TSI's misuse can be implied by law. This obligation is echoed in the confidentiality, noncompetition, and nondisclosure obligations of Raemhild, who TSI hired away from Lundberg. Similarly, these obligations also appear in Markley's employment agreement. By hiring Raemhild and Markley to build off of Lundberg's technology designs to create competing models for TSI, TSI induced Raemhild and Markley to breach their confidentiality agreements.

43. TSI benefitted from the use of Lundberg's proprietary rights, trade secrets, and confidential information by incorporating this information into TSI's equipment. TSI knew of the benefit of Lundberg's information because the misuse allowed TSI to launch a new in-house division. TSI boasted about the efficiency and efficacy of this new division and TSI's "improvements" in technology. TSI also understood the benefit of hiring Raemhild and Markley and gaining the value of the confidential information that they knew about Lundberg and its potential and actual customers. TSI announced Raemhild's and Markley's hire in a press release. In violation of Raemhild's Confidentiality, Noncompetition and Nonsolicitation Agreement and Markley's employment agreement, TSI reaped the benefit of their knowledge of Lundberg's systems when Raemhild and Markley helped design a competing system for TSI. In addition, TSI reaped the benefit of information about Lundberg's customers and contacts when it began pitching to these contacts.

44. Such enrichment to TSI was at Lundberg's expense. TSI slammed Lundberg in TSI's press release, solicited Lundberg's customers, and never credited Lundberg for the technology.

45. TSI's conduct constitutes unjust enrichment and has damaged Lundberg.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 9

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

## FOURTH CAUSE OF ACTION – MISAPPROPRIATION OF TRADE SECRETS UNDER RCW 19.108

46. Lundberg repeats, realleges, and incorporates ¶¶ 1-45 stated above.

47. TSI acknowledged that it was obligated to protect Lundberg's trade secrets in the July 30, 2012 non-disclosure agreement.

48. Lundberg's know-how, expertise, processes, methods, technology, innovations, customer lists and other information constitute trade secrets because the information was not known in the industry, as confirmed by the TSI non-disclosure agreement, Raemhild's Confidentiality, Noncompetition and Nonsolicitation Agreement, and Markley's employment agreement. Lundberg protected its trade secrets with these contractual agreements and by allowing access to the information to only employees who needed to know the information to design and improve it. Lundberg's information derived value from being kept secret because Lundberg was hired as a supplier of technology to other companies across various industries who did not possess the same information and technology, including TSI.

49. TSI misappropriated Lundberg's trade secrets when TSI used the trade secrets without express or implied consent by Lundberg. TSI also misappropriated Lundberg's trade secrets when it hired Raemhild and Markley to use their knowledge of Lundberg's trade secrets to build competing technology for TSI.

50. TSI knew that its use of Lundberg's trade secrets was improper because TSI was bound by the non-disclosure agreement with Lundberg. Therefore, TSI acquired Lundberg's trade secrets under circumstances giving rise to a duty to maintain its secrecy and limit its use.

51. TSI also knew that its use of Lundberg's trade secrets was improper because TSI acquired the information from Raemhild who was under a duty not to compete with Lundberg and to protect Lundberg's information. Markley was also under a duty to protect Lundberg's information. Thus, TSI acquired Lundberg's trade secrets while having reason to know that Raemhild and Markley should have protected Lundberg's trade secrets and was breaching their duties to maintain the trade secrets in secrecy.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 10

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

52. TSI's conduct constitutes trade secret misappropriation and has damaged Lundberg.

**FIFTH CAUSE OF ACTION – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**

53. Lundberg repeats, realleges, and incorporates ¶¶ 1-52 stated above.

54. Raemhild owed Lundberg fiduciary duties of loyalty and to not disclose, divulge, or misappropriate trade secrets due to his employment relationship and Confidentiality, Noncompetition and Nonsolicitation Agreement with Lundberg.

55. Raemhild was employed by Lundberg and subject to these fiduciary duties up to when he resigned from Lundberg in August 2012. Raemhild violated his fiduciary duties to Lundberg for the benefit of TSI.

56. At all relevant times, TSI had actual knowledge of Raemhild's fiduciary duties to Lundberg, and TSI had actual knowledge that Raemhild breached his fiduciary duties for the benefit of TSI.

57. TSI provided substantial assistance to aid and abet Raemhild in the breach of his fiduciary duties to Lundberg.

58. TSI benefited from its wrongful collusion with Raemhild by gaining access to project clients and knowledge about Lundberg's confidential technology. By aiding and abetting Raemhild's breach of fiduciary duties to Lundberg, TSI was able to accelerate its entrance into the marketplace and compete directly with Lundberg. TSI's collusion with Raemhild caused Lundberg to lose projects, lose value in its trade secrets, and reduce Lundberg's competitive position in the marketplace.

59. TSI's conduct constitutes aiding and abetting Raemhild's breach of fiduciary duties to Lundberg and has damaged Lundberg.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 11

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

## SIXTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH PROSPECTIVE AND ACTUAL CONTRACTS

60. Lundberg repeats, realleges, and incorporates ¶¶ 1-52 stated above.

61. Lundberg had valid contracts and economic expectancies with TSI and others to provide Lundberg's technology. Specifically, Lundberg expected to be hired for projects for German Pellet and Zilkha. TSI ended up stealing both of these projects either immediately before or shortly after Raemhild's departure from Lundberg and move to TSI. Upon information and belief, TSI also interfered with other Lundberg contracts and expectancies.

62. TSI knew about these contracts and expectancies because TSI had been in a business relationship with Lundberg for years and TSI had solicited Lundberg to be a subcontractor to TSI on the German Pellet project. In addition, TSI learned of Lundberg's contracts and expectancies when it began negotiating with Raemhild to hire him away from Lundberg. Raemhild had been the primary point of contact for the Zilkha job while he was at Lundberg.

63. TSI intended to interfere with Lundberg's contracts and expectancies; TSI purposefully hired Raemhild and developed competing technology using Lundberg's trade secrets. TSI then bragged about its "improvements" to the public. By taking this course of action, TSI breached its own non-disclosure agreement with Lundberg and induced Raemhild to breach his Confidentiality, Noncompetition and Nonsolicitation Agreement. TSI took advantage of Raemhild's breach by exploiting his knowledge of Lundberg's trade secrets and confidential information to develop competing technology and poach Lundberg customers and expectancies.

64. In addition to interfering with Lundberg's contracts and expectancies via TSI's website and press releases, TSI also contacted and solicited potential and actual Lundberg customers. As an example, TSI could only have presented a Wet ESP product to Zilkha, one of Lundberg's potential clients, with Raemhild's help. Before Raemhild left Lundberg for TSI, TSI did not offer a Wet ESP and could not have completed the Zilkha project.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

65. TSI's interference was improper because TSI and Raemhild were under obligation to protect Lundberg's proprietary rights, trade secrets, and confidential information. Further, TSI had worked with Lundberg in a business relationship for years prior to the interference.

66. TSI's conduct constitutes tortious inference with prospective and actual contracts and has damaged Lundberg.

## SEVENTH CAUSE OF ACTION – VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT UNDER RCW 19.86

67. Lundberg repeats, realleges, and incorporates ¶¶ 1-66 stated above.

68. TSI committed an unfair and deceptive act in trade and commerce when it misappropriated and incorporated into its technology Lundberg's confidential information and trade secrets and later offered this technology for sale as TSI's own.  TSI's conduct violates the Lanham Act and RCW 19.108 and is deceptive and unfair on its face.

69. TSI's actions have the capacity to materially deceive a substantial portion of the public because TSI has made and continues to make public representations about its technology that would lead consumers to believe that (1) TSI owns the technology and its use is authorized; (2) TSI designed the technology; (3) TSI improved existing technology; and (4) TSI was authorized to hire Raemhild to build competing technology.  TSI's actions violate the Lanham Act, a statute that has a public interest impact.

70. TSI's unfair and deceptive actions have injured Lundberg in its business and property.  TSI's unauthorized incorporation, use, and sale of Lundberg's information and technology both devalues Lundberg's technology and undermines the reputation and goodwill of Lundberg's business while allowing TSI to profit at the same time.  TSI's actions also deprived Lundberg its property and/or intellectual property rights.

71. There is a causal link between TSI's unfair and deceptive actions and the injury Lundberg has suffered because TSI manufactured and offered for sale Lundberg's proprietary technology without Lundberg's authorization and with disregard for its reputation and trade

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

secret rights. TSI has been unjustly enriched by the offer for sale of property and trade secrets that do not belong to TSI and has impaired Lundberg's ability to control its own property.

72. TSI's conduct constitutes a violation of the Washington Consumer Protection Act and has damaged Lundberg.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff A.H. Lundberg Associates, Inc. prays for relief as follows:

1. For a judgment against TSI;

2. For an injunction against TSI that prohibits TSI from manufacturing, selling, incorporating, or otherwise using Lundberg's proprietary and confidential information and trade secrets.

3. For damages against TSI in an amount to be determined at trial;

4. For reasonable attorneys' fees and the costs of pursuing Lundberg's claims as may be allowed by law; and;

5. Such other and further relief as the Court determines is just and proper.

DATED: August 26, 2015

                                      LANE POWELL PC

                                      By  /s/ *Randall P. Beighle*
                                          Randall P. Beighle, WSBA No. 13421
                                          Tiffany Scott Connors, WSBA No. 41740
                                          Brian G. Bodine, WSBA No. 22414
                                          Telephone: 206.223.7000
                                          Facsimile: 206.223.7107
Attorneys for Plaintiff A.H. Lundberg Associates, Inc.

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 14

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington and the United States that on the 26th day of August, 2015, I caused to be served a copy of the attached document to the following counsel in the manner indicated below at the following address:

Kenneth W. Hart, WSBA No. 15511
Emilia L. Sweeney, WSBA No. 23371
Melissa Cunningham  WSBA No. 46537
Carney Badley Spellman P.S.
701 Fifth Avenue, Suite 3600
Seattle WA 98104-7010
Phone: (206) 622-8020
Fax: (206) 467-8215
E-mail: sweeney@carneylaw.com
E-mail: hart@carneylaw.com
E-mail: Cunningham@carneylaw.com

| | |
|---|---|
| X | by CM/ECF |
| ☐ | by Electronic Mail |
| ☐ | by Facsimile Transmission |
| ☐ | by First Class Mail |
| ☐ | by Hand Delivery |
| ☐ | by Overnight Delivery |

DATED this 26th day of August, 2015.

_____
Terry Intlekofer

FIRST AMENDED COMPLAINT FOR INJUNCTION, DAMAGES, AND OTHER RELIEF - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6422483.1