UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A. H. LUNDBERG ASSOCIATES, INC., et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>TSI, INC.,<br><br>                Defendant. | CASE NO. C14-1160JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.  INTRODUCTION

Before the court is Defendant TSI, Inc.'s motion for reconsideration of the court's July 15, 2016, oral rulings. (MFR (Dkt. # 106).) Plaintiffs A.H. Lundberg Associates, Inc., and Lundberg, LLC (collectively, "Lundberg"), oppose the motion. (MFR Resp. (Dkt. # 115).) The court has considered the motion, all submissions filed in support

//

//

ORDER- 1

thereof and opposition thereto, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES TSI's motion for reconsideration.

## II.  BACKGROUND

On June 2, 2016, Lundberg filed a motion to exclude two of TSI's experts—William Partin and Robin Brown—"for all purposes." (MTE (Dkt. # 56) at 1.) Lundberg sought exclusion of those experts because TSI had disclosed Lundberg's confidential mediation materials to them. (*See id.*) Seven days later, on June 9, 2016, TSI filed a motion for summary judgment. (MSJ (Dkt. # 62) (sealed portions filed at Dkt. # 63).) TSI cites to Mr. Brown's opinions throughout at least one large section of the motion for summary judgment. (*See id.* at 13-20.) On June 13, 2016, TSI filed its response to Lundberg's motion to exclude (MTE Resp. (Dkt. # 72)), and on July 1, 2016, TSI filed its reply in support of its motion for summary judgment (MSJ Reply (Dkt. # 94) (sealed portions field at Dkt. # 95)). In none of those filings did TSI address the potential impact of Lundberg's requested exclusion on the motion for summary judgment. (*See* MSJ; MTE Resp.; MSJ Reply.)

On July 15, 2016, the court held a hearing on Lundberg's motion to exclude. (Min. Entry (Dkt. # 103); *see* MFR Ex. 1 ("Transcript") at 1.) Prior to the hearing, the court informed counsel for the parties that the court intended to address, among other topics, the impact of Lundberg's motion to exclude on TSI's motion for summary judgment. At the beginning of the hearing, the court restated its intention to address that

---

[1] No party has requested oral argument, and the court deems it unnecessary to the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 2

subject.  (See Transcript at 4:2-6.)  Counsel for TSI argued that the court should review Lundberg's mediation materials before determining the appropriate sanction, if any, for their disclosure.  (*See id.* at 4:22-9:10, 13:19-14:2, 15:5-19:19.)  Upon finishing his argument, counsel confirmed that following the court's ruling on Lundberg's motion, TSI would have an opportunity to address the appropriate "consequences."  (*Id.* at 20:2-10 ("MR. HART: . . . I assume I'll have the opportunity to address the Court after you've made a ruling today?  THE COURT:  No.  MR. HART:  As to the consequences you mentioned?  THE COURT:  Oh, the consequences, yes.").)  The court granted Lundberg's motion to exclude.  (*See id.* at 22:13-26:2.)

In addition, the court struck TSI's motion for summary judgment.  The court found that the motion relied on stricken expert opinions and that the court was unable to reliably determine on the record before it what portions of the motion were not tainted by those opinions.  (*See id.* at 25:21-26:9.)  The court then gave TSI an opportunity to address the consequences of Mr. Partin's and Mr. Brown's exclusion.  (*See id.* at 26:10-13.)  TSI explained that it should be permitted to retain new experts (*see id.* at 26:14-28:7); however, TSI did not argue against the court's decision to strike the motion for summary judgment in its entirety (*see id.* at 26:14-31:11).  The court permitted TSI to retain new experts and, after counsel indicated that they had nothing further to argue, adjourned the hearing.  (*See id.* at 28:24-31:11 ("THE COURT:  Mr. Hart, I guess you're the designated spokesman today.  Anything further?  MR. HART:  No, Your Honor.  Ms. Sweeney might have something to say.  I don't have anything further.  THE COURT:  Ms. Sweeney?  MS. Sweeney:  No, Your Honor, I have nothing further.").)

On July 22, 2016, TSI filed its present motion for reconsideration. (MFR at 1.) TSI argues that court should have reviewed the mediation materials before deciding whether to exclude Mr. Brown and Mr. Partin and should not have stricken the entirety of TSI's motion for summary judgment. (*Id.* at 2.) The court requested a response from Lundberg (Min. Order (Dkt. # 113)), which Lundberg submitted on July 28, 2016 (MFR Resp.). TSI's motion is now before the court.

### III. DISCUSSION

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). The court will ordinarily deny such motions unless the movant shows either (a) manifest error in the prior ruling or (b) new facts or legal authority that the movant could not have brought to the court's attention earlier through reasonable diligence. *Id.* A party may not raise as a basis for reconsideration arguments or facts that it reasonably could have but did not raise prior to the contested ruling. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"); *see also Castello v. City of Seattle*, No. C10-1457MJP, 2011 WL 219671, at *4 (W.D. Wash. Jan. 24, 2011) ("[B]ecause this is an entirely new argument, there can be no question of 'manifest error in the prior ruling;' the Court cannot have ruled in error on an argument never before raised.").

TSI argues that the court committed manifest error in two respects: (1) failing to review Lundberg's mediation materials before determining whether to exclude Mr. Partin and Mr. Brown, and (2) striking the entirety of TSI's motion for summary judgment rather than parsing that motion and considering any portions that do not depend on Mr. Brown's and Mr. Partin's opinions. (*See* MFR at 2.) The court rejects both of these contentions.

### A. Exclusion of Experts

The court has reviewed Lundberg's response to the instant motion and finds the arguments advanced therein persuasive. (*See* MFR Resp. at 2-5.) For the reasons Lundberg articulates in its response and those the court stated on the record at the July 15, 2016, hearing, the court denies TSI's request for reconsideration of this issue. (*See id.*; Transcript at 22:13-26:2; MFR at 2-5.)

### B. Striking of Motion for Summary Judgment

The court likewise declines to reconsider its decision to strike the entirety of TSI's motion for summary judgment. A party cannot raise as a basis for reconsideration an argument that it reasonably could have but did not make prior to the contested ruling. *See Marlyn Nutraceuticals*, 571 F.3d at 880; *see also Castello*, 2011 WL 219671, at *4. Because TSI reasonably could have but did not raise this issue before or during the July 15, 2016, hearing at which the court struck its motion for summary judgment, reconsideration is inappropriate.

Prior to the court striking TSI's motion for summary judgment, TSI was on notice that Lundberg's motion to exclude implicated the motion for summary judgment. The

opening paragraph of Lundberg's motion concluded with a request to exclude Mr. Partin and Mr. Brown "for all purposes." (MTE at 1.)  Two days after Lundberg filed that motion, TSI filed its motion for summary judgment. (*See id.* at 1; MSJ at 1.)  TSI cited to Mr. Brown throughout at least one large section of the motion for summary judgment without addressing Lundberg's request to exclude Mr. Brown. (*See* MSJ at 13-20.)  The court informed TSI in advance of the July 15, 2016, hearing that the court intended to address the impact of Lundberg's motion to exclude on TSI's motion for summary judgment.  The court restated its intention to address that subject at the beginning of the hearing and later struck the entirety of TSI's motion. (*See* Transcript at 4:2-6; 25:21-26:9.)

Despite these indications that Lundberg's motion to exclude jeopardized the motion for summary judgment, TSI remained silent about how the court should treat its motion for summary judgment.  TSI did not address the impact of Lundberg's requested exclusion in the motion for summary judgment, in the reply brief in support of the motion for summary judgment, in the response to Lundberg's motion to exclude, or at the hearing. (*See* MSJ; MSJ Reply; MTE Resp.; Transcript.)  Even after the court struck the motion for summary judgment in its entirety, TSI made no objection to the court's ruling and offered no argument on the subject. (*See* Transcript at 26:3-31:11.)  Only now, in a motion for reconsideration, does TSI raise arguments in defense of its motion for summary judgment. (*See* MFR at 6-7.)  TSI's arguments therefore are not properly presented in a motion for reconsideration. *Marlyn Nutraceuticals*, 571 F.3d at 880; *Kona Enters.*, 229 F.3d at 890-91; *see also Castello*, 2011 WL 219671, at *4.

1  Moreover, TSI has not shown that the court's decision to strike its entire motion
2  for summary judgment rises to the level of manifest error. At most, TSI has shown that
3  the court could have exercised its discretion to parse out the portions of the motion
4  untainted by the stricken experts and consider those portions. (*See* MFR at 6-7.) TSI
5  falls far short, however, of demonstrating that the court's decision not to follow that
6  course of action constitutes manifest error. *See* Local Rules W.D. Wash. LCR 7(h)(1).

## IV. CONCLUSION

For the foregoing reasons, the court DENIES TSI's motion for reconsideration of the court's July 15, 2016, oral rulings (Dkt. # 106). The court GRANTS TSI's fourth motion to seal (Dkt. # 104).

Dated this 1st day of August, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 7