THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.H. Lundberg Associates, Inc. and Lundberg LLC,

    Plaintiffs,

  v.

TSI, Inc.,

    Defendant.

Case No. 14-CV-01160-JLR

**PLAINTIFF LUNDBERG'S MOTIONS IN LIMINE**

NOTED FOR AUGUST 19, 2016

## I. Introduction and Relief Requested

Plaintiffs A.H. Lundberg Associates, Inc. and Lundberg LLC ("Lundberg") move this Court for an Order *in limine* precluding Defendant TSI, Inc. ("TSI") from mentioning to the jury or introducing irrelevant or improper evidence. Specifically, Lundberg seeks to exclude evidence related to the following:

1. Megtec's lawsuit against Lundberg employee Jaymie Deemer in his personal capacity that did not involve Lundberg and is irrelevant; and

2. Late-disclosed topics and opinions provided in TSI's sur-rebuttal and amended analyses of its new expert witnesses Richard Martin and Paul Sutphen, which were not permitted by this Court and which should have been disclosed earlier.

In addition, Lundberg moves for an order for sequestration of witnesses pursuant to Federal Rule of Evidence 615.

LUNDBERG'S MOTIONS IN LIMINE - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

## II. Motions in Limine

**A. Motion Number 1 - Evidence Relating to Megtec's Lawsuit Against Jaymie Deemer is Irrelevant.**

TSI may seek to introduce evidence regarding Jaymie Deemer's former employment and a lawsuit brought against him by his former employer, Megtec. That matter was fully resolved in 2013 before the instant lawsuit was ever filed, did not involve Lundberg or TSI, and has nothing to do with Lundberg's causes of action against TSI. Any evidence relating to the dispute between Jaymie Deemer and his former employment should be excluded as irrelevant or prejudicial.

Jaymie Deemer is Lundberg's Market Development Manager. Before coming to work for Lundberg in 2012, Deemer worked at several other companies offering air pollution control services. *See* Declaration of Tiffany Connors ("Connors Decl.") Ex. 1 (Deemer Dep.) at 10:11-33:18. In particular, prior to Lundberg, Deemer worked as a technician for and then in the sales group at TurboSonic, a manufacturer of scrubbers and wet electrostatic precipitators ("WESP") that was since purchased by Megtec Technologies. *See id.* at 26:20-23; 29:3-9; 22:13-16. As part of his employment, Deemer signed a confidentiality agreement with TurboSonic but never signed a non-compete agreement. *See id.* at 62:10-16; 68:22-25. Before leaving TurboSonic, Deemer talked to Lundberg around the summer of 2012 to see if Lundberg might have a position for him. *See id.* at 33:13-35:18. Eventually, Deemer was hired by Lundberg in October 2012—*after* the events giving rise to this lawsuit had already taken place. *See* 33:19-20.

When Deemer left TurboSonic/Megtec, he was unhappy, and Megtec was "unhappy that [Deemer] had left the company and gone to work for a competitor without a noncompete." Connors Decl. Ex. 1 at 69:5-9; *see also* 68:17-21. As a result, Megtec accused Deemer of taking information to use for Deemer's benefit and in pursuit of projects for Lundberg. *See id.* at 69:5-9. Megtec sued Deemer in February 2013 (Connors Decl. Ex. 2 - Case 2:13-cv-01205-ES-JAD in the District of New Jersey) alleging that he misappropriated information including

LUNDBERG'S MOTIONS IN LIMINE - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

customer information and trade secrets and that he breached his confidentiality agreement.  *See id.* at 69:1-3; *see also* 69:12-70:20; 70:5-14.  In the fall of 2013, the parties settled the lawsuit without money ever changing hands, and Megtec dismissed the lawsuit.  *See id.* at 70:15-21.  Deemer never admitted to any wrongdoing in the lawsuit and does not believe he did anything wrong.  *See id.* at 71:20-24.  Megtec did not sue Lundberg, and Lundberg did not defend Deemer in the action.  *See id.* at 73:2-10.

Any evidence relating to Megtec's lawsuit against Deemer should be precluded as irrelevant because it does not have "any tendency to make a fact more or less probable than it would be without the evidence," and the evidence is not "of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence like this "may merely be a waste of time, may confuse the jury, or may cause serious prejudice to the defense" (*Plymouth Grain Terminals, LLC v. Lansing Grain Co.*, LLC, 2014 U.S. Dist. LEXIS 50696 *10 (E.D. Wash. Apr. 10, 2014) (citation omitted)), and, in this case, the evidence relating to Deemer could do all three.  In any event, "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.

Even if the evidence relating to Deemer were determined to be at all relevant, it should still be excluded as either prejudicial or potentially confusing and misleading.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").  Lundberg was not involved in the Deemer lawsuit in any capacity.  Therefore, TSI should not be permitted to prejudice the jury by introduction of a potentially inflammatory lawsuit to advance the irrelevant and inaccurate insinuation that "Lundberg steals trade secrets too."  Evidence "should be excluded if its probative value is outweighed by unfair prejudice," "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one."  *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) (citations omitted).  Here, the Deemer evidence could confuse the issues and mislead and prejudice the jurors against Lundberg.  Accordingly, such evidence should be excluded.

LUNDBERG'S MOTIONS IN LIMINE - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

## B. Motion Number 2 – The Topics and Opinions in TSI's Sur-Rebuttal and Amended Expert Witness Reports Are Improper and Should be Excluded.

At the deposition of Richard Martin on August 1, 2016, Dr. Martin handed counsel for Lundberg a sur-rebuttal report titled "Assessment of Lundberg's Expert Rebuttal(s) to TSI's Expert Disclosure." *See* Declaration of Randall P. Beighle ("Beighle Decl.") ¶ 2. This report was not authorized by the Court, and the opinions and analysis expressed in the Assessment should be excluded. At the July 15, 2016 hearing on Lundberg's Motion to Exclude TSI's Expert Witnesses, the Court stated in response to Lundberg's counsel, "I'm going to give *you* the opportunity to file rebuttal expert reports. And *they*'re not going to get to conduct further discovery, because this is a problem of their own making." Connors Decl. Ex. 3 (Transcript) 29:4-7 (emphasis added). In other words, the Court was clear in identifying that Lundberg ("you") would get to file rebuttal expert reports but did not authorize this for TSI ("they"). *Id.* In addition, in the Stipulation and Order Setting Pretrial Deadlines (Dkt. #112), the parties discussed and the Court agreed with setting TSI's date for its new expert witness disclosures and Lundberg's date for its rebuttal reports. *See* Connors Decl. ¶ 5. The Stipulation was silent as to, and the parties did not discuss, any sur-rebuttal reports or amended analyses for TSI. *See* Dkt. #112; *see also* Connors Decl. ¶ 5.

The "Assessment" is untimely and creates unfair prejudice to Lundberg by giving TSI yet another chance at amending and supplementing its expert witness opinions. The "Assessment" includes information that should have been included in the original Martin report but was not. *See* Connors Decl. ¶ 6 and Ex. 4. Specifically, Martin cites to the Jaasund Declaration dated June 27, 2016 filed in support of Lundberg's Opposition to TSI's Motion for Summary Judgment. *See id.*; *see also* Dkt. # 84. This declaration was available at the time that Martin prepared his original report and should have been commented on then. Similarly, the "Assessment" includes substantial discussion of patents that could have been in the original report, as well as the dimensions for competitive products, which was also available to Martin when he issued his original report. *See* Connors Decl. ¶ 6 and Ex. 4. The "Assessment" is 200

LUNDBERG'S MOTIONS IN LIMINE - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

pages long, mostly including patents and other photographs that should have been included with the original report. *See id.*

Similarly, at the August 2, 2016 deposition of TSI's new damages expert witness, Paul Sutphen, Sutphen stated that he was working on a new damages analysis with TSI's Chief Financial Officer ("CFO"). *See* Beighle Decl. ¶ 3. Mr. Sutphen stated that he expected to perform additional damages analysis and provide additional opinions after receiving more of the CFO's work product. Amendment of Mr. Sutphen's report is not permitted by the Stipulation and Order Setting Pretrial Deadlines (Dkt. #112); any additional analysis and opinions are untimely and prejudicial to Lundberg.

To support Mr. Sutphen's new damages analysis, he stated that TSI is performing financial analyses that TSI failed to perform during discovery. Specifically, in TSI's supplemental response to Lundberg's first set of requests for production, TSI referred Lundberg to two exhibits in response to an RFP that asked for "All documents relating to TSI's finances from 2007 to the present, including, without limitation, documents showing revenue, profit, and margins." Connors Decl. Ex. 5 (TSI's 1st Supplemental Response). However, the exhibits to which TSI referred Lundberg did not include TSI's profits or margins but only included the prices for the air pollution equipment that TSI sold. *See* Connors Decl. Exs. 6 and 7 (Discovery Exhibits 12 and 13). Lundberg followed up on this, asking in new interrogatories for "budgeted margin" and "estimated cost of materials." *See* Connors Decl. Ex. 8 (TSI's Supplemental Answers to 4th Set of Discovery), Interrogatory Nos. 15 and 16. TSI did not answer the interrogatories but stated that they were "overly broad and burdensome, given the considerable effort that would be necessary to attempt to extract what would appear to be irrelevant, or at best marginally relevant, information from TSI's records." *See id.* Mr. Sutphen's recent deposition testimony indicates that, despite TSI's discovery responses, TSI now intends to perform and offer at trial the same analysis that it had previously refused to perform due to the "considerable effort that would be necessary to attempt to extract . . . information from TSI's records." *See id.*; *see also* Beighle Decl. ¶ 3.

LUNDBERG'S MOTIONS IN LIMINE - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

Both the "Assessment" of Dr. Martin and any future Sutphen analysis are untimely and prejudicial to Lundberg. In addition, the Sutphen analysis is in contrast to TSI's discovery responses and thus constitutes a failure to timely supplement under Federal Rule of Civil Procedure 26(e). *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…"). The question before the Court on this motion in limine is the appropriate remedy for these violations. *See e.g., Northwest Pipeline Corp. v. Ross*, 2008 U.S. Dist. LEXIS 32984, *30-31 (W.D. Wash. Apr. 11, 2008) (granting motion in limine to exclude late expert disclosures). Federal Rule of Civil Procedure 37(c) states that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "Rule 37(c)(1)'s exclusionary sanction has been characterized by the Ninth Circuit and the advisory committee notes as 'automatic' and 'self-excuting.'" *See Northwest Pipeline*, 2008 U.S. Dist. LEXIS 32984 at *32 (citations omitted).

Here, TSI's late disclosure of information that should have been presented in the original Martin and Sutphen reports and during discovery is not substantially justified. TSI negotiated the date for their new expert disclosures and was aware of the Court's reasoning for setting the schedule. *See* Connors Decl. ¶ 5; *see also* Dkt. # 112; Connors Decl. Ex. 3 (Transcript) 29:7 ("this is a problem of their own making."). TSI has offered no reason for its failure to amend its discovery responses regarding damages.

TSI's late disclosures also are not harmless. With regard to the ongoing Sutphen amendments, that analysis is still forthcoming, approximately five weeks before trial. With regard to the Martin sur-rebuttal opinions and new exhibits, that information was handed to

LUNDBERG'S MOTIONS IN LIMINE - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

Lundberg's counsel at Martin's deposition. Lundberg did not have the materials in time to have its experts rebut the new opinions as allowed by the Court's prior ruling. *See* Connors Decl. Ex. 3 (Transcript) 29:4-7. In addition, Lundberg could not ask the witness questions relating to the new materials because the report consisted of 200 pages, including 190+ pages of patents, that Lundberg could not adequately analyze at the deposition. At this point, any remedy other than exclusion—and specifically of precluding the expert witnesses from testifying to the opinions, analysis, and exhibits not contained in their original reports and previously disclosed in discovery—would "render Rule 37(c)(1) toothless." *See Northwest Pipeline*, 2008 U.S. Dist. LEXIS 32984 at *33-34 (citation omitted) and at *32-33 (considering and rejecting continuing discovery or depositions as remedy for late expert witness disclosures).

TSI's decision "to proceed at its peril with the late disclosure without first seeking leave of the Court" is "significant factor justifying exclusion." *Northwest Pipeline*, 2008 U.S. Dist. LEXIS 32984 at *38. Lundberg respectfully requests that the Court preclude Dr. Martin and Mr. Sutphen from testifying about any information contained in their "Assessment" or forthcoming analyses that was not presented in their original reports. *See e.g., Hill v. United States Dep't of Homeland Sec.*, 570 Fed. Appx. 667, 670 (9th Cir. 2014) (holding that court did not abuse its discretion by excluding Hill's experts where Hill failed to make disclosures before court-ordered deadline); *Cascade Yarns v. Knitting Fever*, 2015 U.S. Dist. LEXIS 180232, *7 (W.D. Wash. Jan. 30, 2015) (striking expert declaration pursuant to Rule 37(c) as "an untimely attempt to supplement the Rule 26 expert report").

**C. Motion Number 3 – Pursuant to Federal Rule of Evidence 615, Lundberg Requests Sequestration of Witnesses.**

Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." The rule contains certain exceptions, including in relevant part: "(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; [and] (c) a

LUNDBERG'S MOTIONS IN LIMINE - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

person whose presence a party shows to be essential to presenting the party's claim or defense . . . ."  Fed. R. Evid. 615.  Exclusion under Rule 615 is a matter of right, not discretion.  *See* Fed. R. Evid. 615, Notes of Advisory Committee on Rules ("The authority of the judge is admitted, the only question being whether the matter is committed to his discretion or one of right. The rule takes the latter position.")

Pursuant to Rule 615, Lundberg requests that the Court order witnesses excluded until they have testified.  Under section (b) of Rule 615, Lundberg requests that the Court allow one officer or employee of each party who is designated as the party's representative.  An appropriate designation of a representative under Rule 615(b) will allow each party to have a representative with sufficient technical knowledge to be present during trial to advise and assist counsel in the trial of this matter.

### III.   Conclusion

To proceed with trial as efficiently as possible and to avoid the inclusion of irrelevant or improper evidence, Lundberg respectfully requests that the Court grant these motions in limine.

### IV.   Certification

Counsel for Lundberg hereby certifies that Lundberg, in good faith, conferred with TSI to resolve the above disputed matters but could not reach an agreement.  *See* Connors Decl. ¶ 7.

DATED:  August 4, 2016

LANE POWELL PC

By */s/Tiffany Scott Connors*
Randall P. Beighle, WSBA No. 13421
Brian G. Bodine, WSBA No. 22414
Tiffany Scott Connors, WSBA No. 41740

Attorneys for Plaintiff Lundberg

LUNDBERG'S MOTIONS IN LIMINE - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6709390.1

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 4th day of August, 2016, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Mr. Kenneth W. Hart, WSBA No. 15511
Ms. Emilia L. Sweeney, WSBA No. 23371
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle WA 98104-7010
Telephone:      (206) 622-8020
Facsimile:       (206) 467-8215

All email addresses as follows:
Sweeney, Emilia <sweeney@carneylaw.com>
Hart, Kenneth W. <hart@carneylaw.com>
Cunningham, Melissa J. <cunningham@carneylaw.com>;
Doyle, Laura <Doyle@carneylaw.com>;
Norgaard, Cathy <Norgaard@carneylaw.com>;
williams@carneylaw.com' <williams@carneylaw.com>

Executed on the 4th day of August, 2016, at Seattle, Washington.

*s/ Ann Gabu*
Ann Gabu, Legal Assistant

LUNDBERG'S MOTIONS IN LIMINE - 9

251608.0049/6709390.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107