THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.H. Lundberg Associates, Inc. and Lundberg, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TSI, Inc., <br><br> Defendant. | Case No. 14-CV-01160-JLR <br><br> **PRETRIAL ORDER** |

### Federal Jurisdiction

This case originally included a Lanham Act claim (*see* Dkt. No. 1), so the Court had subject matter jurisdiction under 28 U.S.C. §1331 and §1338(b). Although the Lanham Act claim was dismissed, the Court has maintained supplemental jurisdiction under 28 U.S.C. §1367(a).

### Claims for Relief

**Lundberg will pursue the following claims at trial:**

1.     Lundberg claims that confidential and proprietary information, including engineering drawings, related to its wet electrostatic precipitator ("WESP") qualifies as trade secrets and that TSI misappropriated those trade secrets through improper acquisition, possession, and/or use.

PRETRIAL ORDER - 1
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1    6750404_1.docx

2. Lundberg claims that it had a valid confidentiality agreement with TSI. Lundberg also claims that Gary Raemhild and Jarrad Markley, two former Lundberg engineers who went to work for TSI, had confidentiality agreements with Lundberg. Lundberg claims that TSI breached its confidentiality agreement with Lundberg and induced Raemhild and Markley to breach their confidentiality obligations to Lundberg.

3. Lundberg claims that TSI aided and abetted Raemhild to breach his fiduciary duty to Lundberg. Specifically, Lundberg claims that TSI struck an employment deal to hire Raemhild as early as February 2012 but allowed Raemhild to stay employed at Lundberg until August 2012. Lundberg claims that, before and during this "overlap period," TSI solicited and Raemhild sent to TSI Lundberg's confidential information and breached his duty of loyalty by working for TSI's benefit.

4. Lundberg claims that TSI was unjustly enriched by possession and use of Lundberg information.

5. Lundberg claims that TSI owes damages in the form of: Lundberg's lost profits, disgorgement of TSI's profits, and TSI's unjust enrichment (~~both~~ only for use of the trade secret (e.g., the development costs TSI avoided by the misappropriation) ~~and for use of the non-trade secret information~~). Lundberg also claims that TSI owes Lundberg exemplary damages and attorneys' fees for TSI's willful misappropriation of Lundberg's trade secrets.



6. Lundberg claims that TSI must be enjoined from continued use of Lundberg's trade secrets and other confidential information.

### Affirmative Defenses

**TSI will pursue the following affirmative defenses at trial:**

~~1.    Lundberg's claims are barred by the doctrine of Laches due to Lundberg's long delay in asserting it claims, which has prejudiced TSI and its ability to defend against those claims.~~



~~[OBJECTION:  Lundberg objects to any jury instruction and presentation of this defense by TSI.  There is no evidence that supports a laches defense for TSI.  Lundberg could not locate a~~



PRETRIAL ORDER - 2
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1



1  ~~case under Washington law that applied laches to a trade secrets claim because laches is merely~~
2  ~~an equitable defense. Further, because Lundberg brought its claims well within the applicable~~
3  ~~statutes of limitations, there is a strong presumption that the extraordinary remedy of laches~~
4  ~~does not apply. Further, laches generally does not apply to claims for prospective injunctive~~
5  ~~relief.]~~

2. Any restitution award to Lundberg for unjust enrichment is limited to TSI's profits that are attributable to the components in the WESPs sold by TSI that constituted Lundberg's trade secrets.

3. Lundberg has brought this action in bad faith for the improper purpose of chilling fair competition and to gain a competitive advantage.

### Admitted Facts

1. Prior to going bankrupt in 2002, Geoenergy International Corporation ("Geoenergy") designed and sold air pollution equipment, including Wet Electrostatic Precipitators ("WESP"). WESPs remove fine pollutant particles, like dust, smoke, or liquid droplets from gas flows.

2. Steve Jaasund's company, Jaasund AirTech, helped Geoenergy with the operation of its first full-scale WESP installation.

3. Steve Jaasund and Gary Raemhild joined Geoenergy in 1988.

4. Jarrad Markley joined Geoenergy in 1992. Jaasund, Raemhild, and Markley were all involved in making design changes to Geoenergy's WESP to address deficiencies they identified in the field.

5. Steve Jaasund, Gary Raemhild, and Jarrad Markley all worked at Geoenergy until it went bankrupt in 2002.

6. The Geoenergy bankruptcy Trustee sold Geoenergy's assets to at least three companies: Western Pneumatics, Inc. ("WPI"), TurboSonic Inc. (now B&W Megtec), and Lundberg. Lundberg acquired the "Project Files" and trademarks of Geoenergy International Corporation ("Geoenergy.") The Project Files included the design of a WESP and RTO.

PRETRIAL ORDER - 3
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

7. The Geoenergy "Project Files" and the original designs of Geoenergy as contained therein in 2002 are not being claimed by Lundberg to be trade secrets.

8. Following the Geoenergy bankruptcy, in December 2002, Steve Jaasund and Gary Raemhild joined Lundberg. Jarrad Markley joined Lundberg in January 2003.

9. When they were hired, Raemhild and Markley signed acknowledgement forms confirming their agreement per the terms of Lundberg's employee handbook to keep Lundberg's proprietary information confidential and to only use such information "within the office and in connection with Company projects."

10. After joining Lundberg, Raemhild and Markley, along with others at Lundberg, refined the WESP design that Lundberg had purchased out of the Geoenergy bankruptcy, as well as Lundberg's Regenerative Thermal Oxidizer ("RTO") and other air pollution control ("APC") product designs.

11. TSI is in the business of designing, engineering and supplying drying systems to the wood products industry, including dryer islands, consisting of a furnace, a dryer and APC equipment. TSI did not offer TSI APC equipment until 2012.

12. The first project that Lundberg and TSI worked on together was Green Circle beginning around 2007, where Lundberg supplied the WESP and RTO, and TSI supplied the wood dryer.

13. Thereafter, from 2008 to 2012, Lundberg provided TSI with numerous written proposals to supply APC equipment for use in TSI's other wood dryer projects in response to TSI's requests for quotes ("RFQs") and general requests for information.

14. In March 2009, Lundberg eliminated Markley's position due to the economic recession and Markley was laid off. At that time, Markley signed a Separation and Release Agreement in which he confirmed his continuing obligation not to use or disclose Lundberg's confidential information related to Lundberg's "client, customers, personnel, operations, strategies, financial or other proprietary information that is not otherwise available to the general public."

PRETRIAL ORDER - 4
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

Case 2:14-cv-01160-JLR   Document 171   Filed 09/08/16   Page 5 of 17
Case 2:14-cv-01160-JLR   Document 150   Filed 08/24/16   Page 5 of 17

15. In 2009, TSI was awarded the contract to provide Georgia Biomass with an integrated "dryer island" system. TSI sub-contracted with Lundberg to provide the APC equipment for the Georgia Biomass dryer island project.

16. In November 2011, TSI was awarded the contract to provide a dryer island system to German Pellets. The German Pellets' contract provided that TSI would not begin work until German Pellets first made a substantial down payment. German Pellets delayed making its down payment.

17. TSI was engaged in employment negotiations with Raemhild and Markley in January 2012.

18. On May 8, 2012, TSI hired Markley.

19. It was standard practice for TSI to have confidentiality agreements with its suppliers, and at TSI's request, on July 30, 2012 Lundberg and TSI signed a non-disclosure agreement that was prepared by TSI.

20. On August 1, 2012, TSI received a substantial payment from German Pellets. Raemhild resigned from Lundberg on August 6, 2012, and began work at TSI's office on August 7, 2012.

21. After 2012, TSI secured dryer island projects with Enviva and Portucel, which also included APC equipment supplied by TSI.

23. Gary Raemhild died on March 21, 2014.

24. Lundberg filed suit against TSI on July 31, 2014.

### Plaintiffs' Facts Disputed by Defendant

1. Steve Jaasund, through Jaasund AirTech, took over the operation of Geoenergy in 1988. Gary Raemhild also came to work for Geoenergy in 1988.

2. Raemhild signed a Confidentiality, Noncompetition, and Nonsolicitation Agreement with Lundberg to protect Lundberg's trade secrets and confidential information.

PRETRIAL ORDER - 5
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

3.  From 2002 to the present, Lundberg spent several million dollars to change and develop its WESP and RTO designs through internal efforts and consultations and collaborations with third parties. Lundberg devoted hundreds of hours of time and massive efforts of its entire Geoenergy division and additional engineers to improving its air pollution control equipment to be more efficient and to achieve savings for customers.

4.  From 2004-2008, Lundberg collaborated with outside party PowerSpan to refine its WESP design.

5.  Since 2002, Lundberg has improved and otherwise changed its WESP and RTO designs from the Geoenergy designs.

6.  Lundberg protected its WESP designs using methods such as: requiring that employees sign confidentiality agreements, securing computer servers, requiring separate computer passwords, formatting documents to create additional protection, using non-disclosure and/or confidentiality agreements with suppliers and customers, labeling proposals and drawings with confidentiality blocks, limiting visitor access to conference rooms only, and shredding confidential information.

7.  Lundberg also included confidentiality language on proposals, drawings, and diagrams sent to TSI.

8.  During the course of working together, Lundberg, mainly through Gary Raemhild, shared Lundberg's trade secrets and confidential information with TSI. Lundberg would never have shared this information if it viewed TSI as a competitor rather than as a customer or business partner.

9.  To facilitate providing German Pellets with a quotation, TSI obtained a quotation from Lundberg for the WESP and RTO. Thus, Lundberg's APC system was to be a part of TSI's dryer island.

10. In June of 2011, Raemhild told TSI that he intended to leave Lundberg. At that time, TSI began to consider offering its own APC equipment.

PRETRIAL ORDER - 6
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1

11. After learning that Raemhild intended to leave Lundberg, TSI began to consider offering Raemhild employment. Starting in June of 2011, TSI personnel began discussing possible employment opportunities with Raemhild and obtained a copy of Raemhild's confidentiality agreement with Lundberg.

12. In December of 2011, TSI discussed the possibility of supplying APC equipment both internally and with Western Pneumatics, Inc. TSI indicated that it intended to hire engineers who had experience in the APC equipment field.

13. In January of 2012, TSI continued negotiating terms for Raemhild's and Markley's employment with TSI.

14. By March of 2011, TSI and Raemhild had negotiated terms for his employment with TSI. TSI delayed hiring Raemhild until after it obtained a substantial payment from German Pellets.

15. While it was negotiating with Raemhild for his future employment with TSI, TSI continued to seek and obtain proposals, drawings, diagrams, and specifications for APC equipment from Lundberg, which were provided to TSI through Raemhild. This data exchange continued nearly through the date on which Raemhild left Lundberg and became employed at TSI.

16. TSI delayed hiring Raemhild until after it obtained a substantial payment from German Pellets. Within days of receiving the substantial payment from German Pellets, , TSI then contacted Raemhild to finalize his employment with TSI.

17. TSI entered into its Confidentiality Agreement with Lundberg as part of its standard practice with contractors and to clean up its paperword. The Confidentiality Agreement formalized the already existing relationship among business partners.

### Defendant's Facts Disputed by Plaintiff

1. Geoenergy designed its WESP based on patents it had purchased out of bankruptcy from another company.

PRETRIAL ORDER - 7
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

2. TSI decided to launch its own APC product line in August 2012, beginning with the German Pellets project. TSI obtained proposals from Megtech, Turbo Sonic and Lundberg to supply the WESP and RTO for the German Pellets project.

3. On September 27, 2012, TSI commissioned Western Pneumatics Incorporaated ("WPI") to design, fabricate and install the WESP and RTO for the German Pellets project, using design concepts developed by Markley and TSI consultant Neil Kemper, with oversight by Raemhild.

4. TSI did not have any Lundberg engineering drawings in its possession when it designed and had WPI build the APC equipment for German Pellets dryer island project.

### Issues of Law and Equity

The following are the issues of law and equity to be determined by the court:

1. Motions *in Limine*.
2. Evidentiary rulings at the time of trial.
3. Trial motions.
4. Jury instructions.
5. Injunctive relief for Lundberg.
6. Latches defense by TSI.
7. Post-trial motions.

### Plaintiffs' Witnesses

**Doug Giarde, President of Lundberg** (c/o Lane Powell PC) – will testify
-Lundberg purchase from Geoenergy; knowledge re Gary Raemhild and Jarrad Markley; Raemhild's position at Lundberg and incidents regarding misconduct; information Raemhild sent to TSI while employed by Lundberg; Raemhild's resignation; Markley's work for Lundberg and severance; technical expertise in a wide range of Lundberg technologies; Lundberg's customers and potential customers; Lundberg's project plans; Lundberg's work with Western Pneumatics, Inc.; Lundberg's relationship with TSI; harm caused to Lundberg by TSI's behavior; Lundberg's general history and business; specifics of Lundberg's design features (trade secrets); specific comparisons between Lundberg's designs and the designs of other air pollution control equipment manufacturers; and the length of time, amount of money,

PRETRIAL ORDER - 8
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1

testing, and research required to design air pollution control equipment; methods of protecting Lundberg's information; reports from customers and potential customers re TSI's systems

**Steve Jaasund, Lundberg Geoenergy Product Manager** (c/o Lane Powell PC) – will testify
   -knowledge re Gary Raemhild and Jarrad Markley; relationships with Raemhild and Markley from pre-Geoenergy to present; Jaasund AirTech and work with Geoenergy; Raemhild and Markley's work at Lundberg; Raemhild's resignation from Lundberg; Markley's severance from Lundberg; Geoenergy technology and bankruptcy; technical expertise in Geoenergy products and technologies; technical knowledge of WESPs and other APC products; Lundberg technology and improvements; Lundberg's customers and potential customers; Lundberg's project plans; harm caused to Lundberg by TSI's behavior; specifics of Lundberg's design features (trade secrets); the way that Lundberg's design features differ from those described in public domain sources such as U.S. patents, engineering handbooks, published scientific articles, competitor brochures, competitor installations, and the original Geoenergy designs; the history of development of air pollution control products; specific comparisons between Lundberg's designs and TSI's designs; specific comparisons between Lundberg's designs and the designs of other air pollution control equipment manufacturers; and the length of time, amount of money, testing, and research required to design air pollution control equipment

**Patrick McDermott, Lundberg CFO** (c/o Lane Powell PC) – will testify
   -knowledge of Lundberg's historical profitability in the sale of WESPs, RTOs, and RCOs; damages analysis in the form of lost profits

[OBJECTION: Defendant objects to McDermott's anticipated expert testimony on the grounds that his opinions do not rest upon reliable foundation and will be unhelpful to the trier of fact. See Fed. R. Evid. 702.]

**Giovanni Paradiso, Lundberg's technical expert** (c/o Lane Powell PC) – will testify
   -knowledge concerning the development and improvement of the Geoenergy WESP systems after Lundberg obtained intellectual property from Geoenergy, including the collaboration with PowerSpan; specifics of Lundberg's design features (trade secrets); the way that Lundberg's design features differ from those described in public domain sources such as U.S. patents, engineering handbooks, published scientific articles, competitor brochures, competitor installations, and the original Geoenergy designs; the history of development of air pollution control products; specific comparisons between Lundberg's designs and TSI's designs; specific comparisons between Lundberg's designs and the designs of other air pollution control equipment manufacturers; and the length of time, amount of money, testing, and research required to design air pollution control equipment.

[OBJECTION: Defendant objects to Paradiso's anticipated expert testimony on the grounds that his opinions do not rest upon reliable foundation, will be unhelpful to the trier of fact and are not relevant under *Daubert*. See Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587-88, 589-91 & 592 (1993).]



PRETRIAL ORDER - 9
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

**David Bernier, Lundberg's technical expert** (c/o Lane Powell PC) – will testify
-knowledge concerning the development and improvement of the Geoenergy WESP systems after Lundberg obtained intellectual property from Geoenergy, including Lundberg's commercial designs and collaboration with PowerSpan; specifics of Lundberg's design features (trade secrets); the way that Lundberg's design features differ from those described in public domain sources such as U.S. patents, engineering handbooks, published scientific articles, competitor brochures, competitor installations, and the original Geoenergy designs; the history of development of air pollution control products; specific comparisons between Lundberg's designs and TSI's designs; specific comparisons between Lundberg's designs and the designs of other air pollution control equipment manufacturers; and the length of time, amount of money, testing, and research required to design air pollution control equipment

[OBJECTION: Defendant objects to Bernier's anticipated expert testimony on the grounds that his opinions do not rest upon reliable foundation, will be unhelpful to the trier of fact and are not relevant under *Daubert*. See Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587-88, 589-91 & 592 (1993).]

**Jarrad Markley** (c/o Carney Badley) – will testify
-knowledge re Geoenergy technology and bankruptcy, Western Pneumatics designs, technical knowledge of WESPs and other APC products, relationship between Lundberg and TSI, Lundberg and Markley confidentiality agreements, Lundberg and TSI technology, TSI's hiring of Markley and Raemhild, TSI's offering and sales of infringing Wet ESP and RTO technology

**Benny Teal** (c/o Carney Badley) – possible witness only
-knowledge re relationship between Lundberg and TSI, industry standards, confidentiality agreements and obligations, Lundberg's input to TSI customer proposals and bids, hiring of Markley and Raemhild, TSI's offering and sales of infringing Wet ESP and RTO technology

**Andrew Johnson** (c/o Carney Badley) – possible witness only
-knowledge concerning TSI's lack of personnel able to design and size air pollution and control equipment before TSI hired Raemhild and Markley, TSI's sales and marketing activities using Lundberg's confidential information, confidentiality obligations owed to Lundberg by TSI, Raemheld, and Markley, sales and marketing of TSI's APC equipment

**Zlatko "Zo" Savovic** (c/o Carney Badley) – possible witness only
-knowledge concerning TSI's lack of personnel able to design and size air pollution and control equipment before TSI hired Raemhild and Markley, TSI's sales and marketing activities using Lundberg's confidential information, lack of knowledge concerning confidentiality obligations owed to Lundberg by TSI, Raemheld, and Markley, knowledge concerning sales and marketing of TSI's APC equipment

PRETRIAL ORDER - 10
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

**Defendant's Witnesses**

**Jarrad Markley, TSI's APC Chief Product Engineer** (c/o Carney Badley) –will testify
 -knowledge relating to his employment with Geoenergy and the design and development of its Wet ESP and RTO, his employment with Western Pneumatics and the design and development of its Wet ESP and RTO; the features and technologies used by other manufacturers of Wet ESPs and RTOs; his relationship and work with Steve Jaasund and Gary Raemhild; the design, research and development-, including development costs, and sales of TSI's Wet ESP and RTO, including Western Pneumatics' involvement in that process; differences between TSI's Wet ESP and the products manufactured by Lundberg for the Georgia Biomass project, and all areas of testimony identified by Lundberg.

**Benny Teal, President of TSI** (c/o Carney Badley) –will testify
 -knowledge relating to the design and development-, including development costs, and sales of TSI's Wet ESP and RTO; differences between TSI's Wet ESP and RTO and the products manufactured by Lundberg for the Georgia Biomass project; TSI's relationship with Lundberg and problems with Lundberg's performance on the Georgia Biomass project, including the Non-disclosure Agreement; hiring of Gary Raemhild and Jarrad Markley and the decision to bring the APC product line in-house; TSI's working relationship with Western Pneumatics, Inc. and its involvement in the design and development of TSI's Wet ESP and RTO; and all areas of testimony identified by Lundberg.

**Patricia Gillis, CFO of TSI** (c/o Carney Badley)-will testify
 -knowledge relating to TSI's accounting and financial information, cost of production and profits from sales of TSI's APC equipment.

[**OBJECTION:** Lundberg objects to Ms. Gillis' testimony to the extent it includes information not produced in discovery/incorporated into Paul Sutphen's supplemental report.]

**Zlatko "Zo" Savovic, TSI's Sale Director** (c/o Carney Badley)—will testify
– -knowledge relating to the development and sales of TSI's Wet ESP and RTO; differences between TSI's Wet ESP and the products manufactured by Lundberg for the Georgia Biomass project, his working relationship with Lundberg, including his working relationship with Gary Raemhild, and problems with Lundberg's performance on the Georgia Biomass project, the formation of project proposals, standard industry practice regarding solicitation and use of quotations, proposal and related information from vendors and suppliers and the proposes for and use of the information and project proposals submitted to TSI by Lundberg, including the results of those proposals, and all areas of testimony identified by Lundberg.

**Dr. Richard Martin, TSI's technical expert** (c/o Carney Badley),-will testify
 -knowledge concerning the development and improvement of the TSI WESP systems; the way that Lundberg's design features compare with those described in public domain sources such as U.S. patents, engineering handbooks, published scientific articles, competitor brochures, competitor installations, and the original Geoenergy designs; the history of development of air pollution control products; specific comparisons between TSI's designs and Lundbergs's designs; specific comparisons between Lundberg's designs and the designs of other air pollution control equipment manufacturers; and the length of time, amount of money, testing, and research required to design air pollution control equipment.

[OBJECTION: Lundberg objects to Dr. Martin's testimony as discussed in Lundberg's motion

PRETRIAL ORDER - 11
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1

1  ~~in limine.]~~

**Paul Sutphen, TSI's damages expert** (c/o Carney Badley)-will testify
     -knowledge relating to Lundberg and TSI's financial information, inapplicability of Lundberg's lost profit damages theories, unjust enrichment damages analysis and alternative ways to measure damages.

~~[OBJECTION: Lundberg objects to Mr. Sutphen's testimony as discussed in Lundberg's motion *in limine*.]~~

**Andrew Crain, computer forensics expert, Discovia** (c/o Carney Badley)—will testify
     - knowledge relating to the search and recover of various electronically-stored information collected from TSI data sources, including laptop/desktop hard drive forensic images and exports of server-based e-mail files, and including the results of searches for information regarding Lundberg's allegations of Gary Raemhild's misappropriation of Lundberg's electronic information and files.

**Andrew Johnson, TSI's Vice President**, (c/o Carney Badley) –will testify
     -knowledge relating to the development and sales of TSI's Wet ESP and RTO; differences between TSI's Wet ESP and RTO and the products manufactured by Lundberg for the Georgia Biomass project; working relationship with Lundberg and difficulties with Lundberg's performance on Georgia Biomass project, his working relationship with Gary Raemhild, the formation of project proposals, standard industry practice regarding solicitation and use of quotations, proposals and related information from vendors and suppliers and the proposes for and use of the information and project proposals submitted to TSI by Lundberg, including the results of those proposals; the decision to bring the APC product line in-house, and all areas of testimony identified by Lundberg.

**Neil Kemper, Independent Contractor**, (c/o Carney Badley)—possible witness only
     - knowledge relating to the design, development and sales of TSI's Wet ESP; and the differences between TSI's Wet ESP and RTO and the products manufactured by Lundberg for the Georgia Biomass project.

**Richard Gobel, Engineer Manager**, (c/o Carney Badley) – possible witness only
     - knowledge relating to Geoenergy technology, the development and sales of TSI's Wet ESP and RTO; differences between TSI's Wet ESP and RTO and the products manufactured by Lundberg for the Georgia Biomass project; his working relationship with Lundberg and the problems with Lundberg's performance on the Georgia Biomass project.

**Doug Giarde, President of Lundberg,** (c/o Lane Powell) – will testify
     - knowledge regarding Lundberg's customers and potential customers and working relationships; Lundberg's treatment of its alleged trade secrets and personnel and general practices regarding protection of trade secrets, Lundberg's practices related to requests for bids and quotes, and joint proposals, and all areas of testimony identified by Lundberg.

**Steve Jaasund, Product Manager**, (c/o Lane Powell) – will testify
     - knowledge regarding history of Geoenergy technology and Lundberg technology and customers; relationship with Gary Raemhild; industry and Lundberg's practices related to requests for bids and quotes, and joint proposals, and all areas of testimony identified by Lundberg.

**Jaymie Deemer, Market Development Manager,** (c/o Lane Powell) – possible witness

PRETRIAL ORDER - 12
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1

-knowledge regarding industry and Lundberg's practices related to bids and quotes, and joint proposals; Lundberg's customers and potential customers.

~~[OBJECTION: Lundberg objects to Mr. Deemer's testimony as discussed Lundberg's motion in limine.]~~

**Bob Smith, Lundberg,** (c/o Lane Powell) – will testify by deposition
 - knowledge regarding Geoenergy technology and issues that arose at Georgia Biomass regarding the Lundberg APC equipment, and the working relationship with TSI.

**Pat McDermott, Lundberg** (c/o Lane Powell) possible witness only
 - if allowed to testify, Mr. McDermott will testify as Lundberg's APC production costs.

**Rick Nicol, Western Pneumatics, Inc. ("WPI") – DECEASED** – possible deposition witness
 - Mr. Nicol may testify via deposition excerpt regarding the Geoenergy bankruptcy and the dispute and subsequent resolution with Lundberg, and development of TSI APC products.

**Roy Walters, WPI,** (c/o Rohn Roberts, WPI's attorney) – will testify
 - knowledge regarding the design and drawing for the TSI WESPs and RTOs, and differences between the Lundberg APC products and the TSI APC products and differences or similarities between the Geoenergy and WPE APC products and the TSI APC products.

**Bob Marshall, WPI,** (c/o of Rohn Roberts, WPI's attorney) – will testify
 - knowledge regarding the history of the development of the WPI/WPE APC products and industry practice and WPI practice relating to requests for proposals and for quotes and knowledge regarding the design and drawing for the TSI WESPs and RTOs, and differences between the Lundberg APC products and the TSI APC products and differences or similarities between the Geoenergy and WPE APC products and the TSI APC products.

**Kevin Coffman, WPI,** (c/o Rohn Roberts, WPI's attorney) – possible witness only
 - knowledge regarding knowledge regarding the history of the development of the WPI/WPE APC products and industry practice and WPI practice relating to requests for proposals and for quotes and knowledge regarding the design and drawing for the TSI WESPs and RTOs, and differences between the Lundberg APC products and the TSI APC products and differences or similarities between the Geoenergy and WPE APC products and the TSI APC products.

**Easel Roberts, 864-300-88222, Greenville, SC**      - possible witness only
 - knowledge regarding development of certain designs at Geoenergy.

## Plaintiffs' Exhibits

Please see Addendum A for a list of Lundberg's exhibits. Plaintiff intends to present exhibits in electronic format to jurors.

## Defendant's Exhibits

Please see Addendum B for a list of TSI's exhibits.

PRETRIAL ORDER - 13
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1

### Plaintiffs' Reservation of Rights

1. Lundberg reserves the right to supplement its exhibit list in the event further discovery or expert witness testimony is received from TSI, including, without limitation, any testimony that is offered during the depositions of TSI's new technical and financial expert witnesses. Lundberg also reserve the right to add any exhibit not already listed that is included in any expert witness report or disclosure.

2. Lundberg reserves the right to supplement its exhibit list as additional exhibits are identified in final preparations in accordance with the applicable local rules and orders of this Court.

3. Lundberg reserves the right to split any exhibit identified into multiple exhibits.

4. Lundberg reserves the right to offer any exhibit identified by TSI.

5. Lundberg reserves the right to withdraw or not offer any exhibit identified above, and inclusion of any exhibit above is not a waiver of any objection to the admissibility of such exhibit.

6. Lundberg reserves the right to list additional possible witnesses as such witnesses are identified in final preparations in accordance with the applicable local rules and orders of this Court.

7. Lundberg reserves the right to call any witness identified by TSI.

### Defendant's Reservation of Rights

1. TSI reserves the right to supplement its exhibit list in the event further discovery or expert witness testimony is received from Lundberg. TSI also reserve the right to add any exhibit not already listed that is included in any expert witness report or disclosure.

2. TSI reserves the right to supplement its exhibit list as additional exhibits are identified in final preparations in accordance with the applicable local rules and orders of this Court.

3. TSI reserves the right to split any exhibit identified into multiple exhibits.

4. TSI reserves the right to offer any exhibit identified by Lundberg.

PRETRIAL ORDER - 14
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

5. TSI reserves the right to withdraw or not offer any exhibit identified above, and inclusion of any exhibit above is not a waiver of any objection to the admissibility of such exhibit.

6. TSI reserves the right to list additional possible witnesses as such witnesses are identified in final preparations in accordance with the applicable local rules and orders of this Court.

7. TSI reserves the right to call any witness identified by Lundberg.

Respectfully submitted,

DATED: August 24, 2016

LANE POWELL PC

_s/ Tiffany Scott Connors_
Randall P. Beighle, WSBA No. 13421
Brian G. Bodine, WSBA No. 22414
Tiffany Scott Connors, WSBA No. 41740
Attorneys for Plaintiffs A.H. Lundberg Associates, Inc. and Lundberg, LLC

Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111-9402
Phone:   206-223-7000
Fax:     206-223-7107
Email:   beighler@lanepowell.com
         bodineb@lanepowell.com
         connorst@lanepowell.com

PRETRIAL ORDER - 15
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6738694.1

|   |   |
|---|---|
| 1 | *s/ Emilia L. Sweeney* |
| 2 | Kenneth W. Hart, WSBA No. 15511 |
|   | Emilia L. Sweeney, WSBA No. 23371 |
| 3 | Melissa J. Cunningham, WSBA No. 46537 |
|   | Attorneys for Teal Sales Incorporated |

Kenneth W. Hart, WSBA No. 15511
Emilia L. Sweeney, WSBA No. 23371
Melissa J. Cunningham, WSBA No. 46537
Attorneys for Teal Sales Incorporated

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone:      (206) 622-8020
Facsimile:  (206) 467-8215
Email:      sweeney@carneylaw.com
            hart@carneylaw.com
            cunningham@carneylaw.com

## ORDER

The Pretrial Order is accepted and ordered filed.

Dated this 8th day of September, 2016

_____
James L. Robart
U.S. District Court Judge

PRETRIAL ORDER - 16
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the state of Washington that on August 24th, 2016, I caused to be served a copy of the foregoing Pretrial Order on the following person(s) in the manner indicated below at the following addresses:

| | |
|---|---|
| Mr. Kenneth W. Hart<br>Ms. Emilia L. Sweeney<br>Ms. Melissa J. Cunningham<br>Carney Badley Spellman, P.S.<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104-7010<br>Telephone: (206) 607-4174<br>Facsimile: (206) 467-8215<br>E-Mail: hart@carneylaw.com<br>sweeney@carneylaw.com<br>cunningham@carneylaw.com<br>doyle@carneylaw.com<br>williams@carneylaw.com<br>norgaard@carneylaw.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

Dated this 24th day of August, 2016.

*s/ Ann Gabu*
Ann Gabu
Legal Assistant

PRETRIAL ORDER - 17
CASE NO. 14-CV-01160-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6738694.1