1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A. H. LUNDBERG ASSOCIATES, INC., et al., | CASE NO. C14-1160JLR |
| Plaintiffs, | FINAL JURY INSTRUCTIONS |
| v. | |
| TSI, INC., | |
| Defendant. | |

Dated this 21st day of September, 2016.

JAMES L. ROBART
United States District Judge

FINAL JURY INSTRUCTIONS - 1

JURY INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

For purposes of these jury instructions and the verdict form, you should treat "Lundberg" as referring collectively to both of the plaintiffs in this case, A. H. Lundberg Associates, Inc., and Lundberg, LLC.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  Except where otherwise stated, a preponderance of the evidence is the burden of proof for all claims in this case.

You should base your decision on all of the evidence, regardless of which party presented it.

1

JURY INSTRUCTION NO. 3

2    The evidence you are to consider in deciding what the facts are consists of:

3    ~~1.      The sworn testimony of any witness;~~

4    2.      The exhibits that are admitted into evidence;

5    3.      Any facts to which the lawyers have agreed; and

6    4.      Any facts that I have instructed you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 4

JURY INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and have said or will say at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

JURY INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object, and you may have seen this happen at trial. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

If I ordered that evidence be stricken from the record, then you must disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1                                JURY INSTRUCTION NO. 7

2          In deciding the facts in this case, you may have to decide which testimony to

3   believe and which testimony not to believe.  You may believe everything a witness says,

4   or part of it, or none of it.

5          In considering the testimony of any witness, you may take into account:

6          1.      The opportunity and ability of the witness to see or hear or know the things

7   testified to;

8          2.      The witness's memory;

9          3.      The witness's manner while testifying;

10         4.      The witness's interest in the outcome of the case, if any;

11         5.      The witness's bias or prejudice, if any;

12         6.      Whether other evidence contradicted the witness's testimony;

13         7.      The reasonableness of the witness's testimony in light of all the evidence;

14   and

15         8.      Any other factors that bear on believability.

16         Sometimes a witness may say something that is not consistent with something else

17   he or she said.  Sometimes different witnesses will give different versions of what

18   happened.  People often forget things or make mistakes in what they remember.  Also,

19   two people may see the same event but remember it differently.  You may consider these

20   differences, but do not decide that testimony is untrue just because it differs from other

21   testimony.

22

FINAL JURY INSTRUCTIONS - 8

1    However, if you decide that a witness has deliberately testified untruthfully about

2  something important, you may choose not to believe anything that witness said.  On the

3  other hand, if you think the witness testified untruthfully about some things but told the

4  truth about others, you may accept the part you think is true and ignore the rest.

5    The weight of the evidence as to a fact does not necessarily depend on the number

6  of witnesses who testify.  What is important is how believable the witnesses were, and

7  how much weight you think their testimony deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 9

1

JURY INSTRUCTION NO. 8

2  Some of you have taken notes during trial.  Whether or not you took notes, you

3 should rely on your own memory of the evidence.  Notes are only to assist your memory.

4 You should not be overly influenced by your notes or those of other jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 10

JURY INSTRUCTION NO. 9

The parties have agreed to certain facts to be placed in evidence as Exhibit 800.

JURY INSTRUCTION NO. 10

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. 11

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

FINAL JURY INSTRUCTIONS - 13

JURY INSTRUCTION NO. 12

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

JURY INSTRUCTION NO. 13

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, large monitor, and accessory equipment will be available to you in the jury room.

You will be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury.  In your note, do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the

1  computer does not permit access to the Internet or to any "outside" website, database,

2  directory, game, or other material.  Do not attempt to alter the computer to obtain access

3  to such materials.  If you discover that the computer provides or allows access to such

4  materials, you must inform the court immediately and refrain from viewing such

5  materials.  Do not remove the computer or any electronic data from the jury room, and do

6  not copy any such data.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 16

1    JURY INSTRUCTION NO. 14

2        All parties are equal before the law and a corporation is entitled to the same fair

3    and conscientious consideration by you as any party.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## JURY INSTRUCTION NO. 15

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1          JURY INSTRUCTION NO. 16

2          The following is a summary of the claims of Lundberg provided to help you

3    understand the issues in the case.  You are not to take this instruction as proof of the

4    matters claimed.  It is for you to decide, based upon the evidence presented, whether a

5    claim has been proved.

6          The plaintiff, Lundberg, claims:

7          1.     That the defendant, TSI, entered into a contract with Lundberg, consisting

8    of a confidentiality agreement, and that TSI breached that contract;

9          2.     That TSI aided and abetted Gary Raemhild in breaching a fiduciary duty

10   that he owed to Lundberg; and

11         3.     That TSI misappropriated Lundberg's trade secrets in its wet electrostatic

12   precipitator ("WESP") design.

13         Lundberg also claims that Lundberg sustained damages as a result of TSI's actions

14   and that TSI was unjustly enriched as a result of TSI's actions.

15         TSI denies these claims, denies that Lundberg was damaged as a result of any

16   conduct by TSI, and denies that TSI was unjustly enriched as a result of any conduct by

17   TSI.

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 19

1  JURY INSTRUCTION NO. 17

2  Lundberg has the burden of proving each of the following propositions on its

3  claim of breach of contract:

4  1.  That TSI entered into a contract with Lundberg, consisting of a

5  confidentiality agreement;

6  2.  That the terms of the contract included TSI's promise not to use any

7  Lundberg confidential information for purposes other than for projects with Lundberg;

8  3.  That TSI breached the contract with Lundberg by incorporating Lundberg's

9  trade secrets and confidential information into TSI's technology and equipment;

10  4.  That Lundberg was not in breach of the contract; and

11  5.  That Lundberg was damaged as a result of TSI's breach.

12  If you find from your consideration of all the evidence that each of these

13  propositions has been proved, your verdict should be for Lundberg on this claim.  On the

14  other hand, if any of these propositions has not been proved, your verdict should be for

15  TSI on this claim.

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 20

1            JURY INSTRUCTION NO. 18

2        A contract is a legally enforceable promise or set of promises.  In order for a

3   promise or set of promises to be legally enforceable, there must be consideration.

JURY INSTRUCTION NO. 19

A promise is an expression that justifies the person to whom it is made in reasonably believing that a commitment has been made that something specific will happen or not happen in the future. A promise may be expressed orally, in writing, or by conduct.

JURY INSTRUCTION NO. 20

If you find there was any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange for a promise, then there was consideration.

JURY INSTRUCTION NO. 21

The failure to perform fully a contractual duty when it is due is a breach of contract.

FINAL JURY INSTRUCTIONS - 24

1

JURY INSTRUCTION NO. 22

2

Lundberg has the burden of proving each of the following propositions on its

3

claim that TSI aided and abetted Mr. Raemhild's breach of his fiduciary duty to

4

Lundberg:

5      1.     That Mr. Raemhild owed a duty to Lundberg;

6      2.     That Mr. Raemhild breached that duty;

7      3.     That Lundberg incurred injury as a result of Mr. Raemhild's breach;

8      4.     That Mr. Raemhild's breach was the proximate cause of Lundberg's injury;

9      5.     That TSI had knowledge of Mr. Raemhild's fiduciary duty to Lundberg;

10     6.     That TSI had knowledge that Mr. Raemhild breached his fiduciary duty for

11

the benefit of TSI;

12     7.     That TSI provided substantial assistance to aid and abet Mr. Raemhild in

13

the breach of his fiduciary duty to Lundberg; and

14     8.     That TSI's conduct was the proximate cause of damage to Lundberg.

15

If you find from your consideration of all the evidence that each of these

16

propositions has been proved, your verdict should be for Lundberg on this claim.  On the

17

other hand, if any of these propositions has not been proved, your verdict should be for

18

TSI on this claim.

JURY INSTRUCTION NO. 23

An employee's "fiduciary duties" include a duty of loyalty, confidence, and non-competition during the term of the employee's employment.  While employed by the employer, an employee must act solely for the benefit of the employer in all matters connected with the employee's employment and may not compete with the employer concerning the subject matter of his employment.  However, even before the termination of an employee's employment, the employee is entitled to make arrangements to compete with his employer, except that the employee cannot properly use confidential information peculiar to his employer's business and acquired therein.

FINAL JURY INSTRUCTIONS - 26

JURY INSTRUCTION NO. 24

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an event.

This instruction applies wherever the term "proximate cause" occurs in these instructions.

1                              JURY INSTRUCTION NO. 25

2           You may find that TSI had knowledge of a proposition if, based on the facts and

3    circumstances that TSI knew, TSI should have known of the proposition.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 28

JURY INSTRUCTION NO. 26

In determining whether TSI provided "substantial assistance" to aid and abet Mr. Raemhild, you may consider the following factors:

1. The nature of the act encouraged;

2. The amount of assistance given by TSI;

3. TSI's presence or absence at the time of the breach of duty;

4. TSI's relation to Mr. Raemhild; and

5. TSI's state of mind.

FINAL JURY INSTRUCTIONS - 29

JURY INSTRUCTION NO. 27

Lundberg has the burden of proving each of the following propositions on its claim of misappropriated trade secrets:

1.     That Lundberg had a trade secret;

2.     That TSI misappropriated Lundberg's trade secret; and

3.     That TSI's misappropriation was a proximate cause of damages to Lundberg and/or that, as a result of the misappropriation, TSI received money or benefits that in justice and fairness belong to Lundberg.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for Lundberg on this claim.  On the other hand, if you find that any of these propositions has not been proved, your verdict should be for TSI on this claim.

FINAL JURY INSTRUCTIONS - 30

JURY INSTRUCTION NO. 28

"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

1.   Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

2.   Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1       JURY INSTRUCTION NO. 29

2       "Misappropriation" of a trade secret means acquisition, disclosure, or use of a

3   trade secret without the express or implied consent of the owner of the trade secret by a

4   person who used improper means to acquire the trade secret.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 32

1    JURY INSTRUCTION NO. 30

2    The phrase "improper means" includes theft, bribery, misrepresentation, breach or

3    inducement of a breach of a duty to maintain secrecy, or espionage through electronic or

4    other means.

5    On the other hand, the phrase "improper means" does not include acquiring

6    information through independent development or invention, research of public or

7    industry resources, or reverse engineering.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 31

Information has "independent economic value" if it gives the owner of the information a competitive advantage over others who do not know the information.

In determining whether information derives "independent economic value" from not being generally known or readily ascertainable, you may consider, among other factors, the following:

1.    The value of the information to the plaintiff and to the plaintiff's competitors;

2.    The amount of effort or money that the plaintiff expended in developing the information;

3.    The extent of measures that the plaintiff took to guard the secrecy of the information;

4.    The ease or difficulty of acquiring or duplicating the information by proper means; and

5.    The degree to which third parties have placed the information in the public domain or rendered the information readily ascertainable.

FINAL JURY INSTRUCTIONS - 34

JURY INSTRUCTION NO. 32

In determining whether information is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy," you may consider, among other factors, the following:

1.      The extent to which the information is known outside the plaintiff's business;

2.      The extent to which employees and others in the plaintiff's business know the information;

3.      The nature and extent of the measures the plaintiff took to guard the secrecy of the information;

4.      The existence or absence of an express agreement restricting disclosure; and

5.      The extent to which the circumstances under which the information was disclosed to others indicate that further disclosure without the plaintiff's consent was prohibited.

JURY INSTRUCTION NO. 33

As a general rule, an employee who has not signed a contract not to compete is free, upon leaving employment, to engage in competitive employment. In so doing, the former employee may freely use general knowledge, skills, and experience acquired under his or her former employer. However, even if the former employee did not have a contract not to compete, the former employee remains under a duty not to use or disclose, to the detriment of the former employer, trade secrets acquired in the course of previous employment.

1                             JURY INSTRUCTION NO. 34

2        It is the duty of the court to instruct you as to the measure of damages.  By

3 instructing you on damages, the court does not mean to suggest for which party your

4 verdict should be rendered.

5        On all three of its claims, Lundberg claims damages in the form of lost profits.  In

6 order to recover lost profits, Lundberg has the burden of proving with reasonable

7 certainty that net profits would have been earned, but were not earned because TSI

8 breached the confidentiality agreement, aided and abetted a breach of fiduciary duty,

9 and/or misappropriated trade secrets.  "Reasonable certainty" relates to the fact of

10 damage rather than the amount of damage.

11        If you find for Lundberg on any of Lundberg's claims for breach of contract,

12 aiding and abetting breach of fiduciary duty, or misappropriation of trade secrets, and if

13 Lundberg has proven lost profits with reasonable certainty, you shall award the

14 appropriate amount of lost profits.  If you do not find for Lundberg on any of the claims,

15 you should not award any lost profits. · If you find for Lundberg on more than one of the

16 claims, you may not award damages in a manner that results in a double or triple

17 recovery of the same lost profits.

18        On its trade secret misappropriation claim, Lundberg also seeks unjust enrichment

19 damages.  In order to recover unjust enrichment damages, Lundberg has the burden of

20 proving that TSI misappropriated trade secrets and that TSI was unjustly enriched by

21 using those trade secrets.  Unjust enrichment damages are measured by TSI's profits on

22 sales attributable to the use of Lundberg's trade secrets.  Lundberg has the burden of

FINAL JURY INSTRUCTIONS - 37

1 establishing TSI's sales.  TSI has the burden of establishing the amount of its profits that

2 are not attributable to Lundberg's trade secrets.

3 ~~If you find for Lundberg on Lundberg's claim for misappropriation of trade~~

4 secrets, you may award the appropriate amount of unjust enrichment damages.  If you do

5 not find for Lundberg on its claim for misappropriation of trade secrets, you may not

6 award any unjust enrichment damages.  If you award Lundberg lost profits damages and

7 unjust enrichment damages, you may not award unjust enrichment damages in a manner

8 that results in a double recovery of lost profits.

9 When evaluating damages, you must be governed by your own judgment, by the

10 evidence in the case, and by these instructions, rather than by speculation, guess, or

11 conjecture.

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 38

1    JURY INSTRUCTION NO. 35

2        Before you begin your deliberations, elect one member of the jury as your

3    presiding juror. The presiding juror will preside over the deliberations and serve as the

4    spokesperson for the jury in court.

5        You shall diligently strive to reach agreement with all of the other jurors if you

6    can do so.  Your verdict must be unanimous.

7        Each of you must decide the case for yourself, but you should do so only after you

8    have considered all of the evidence, discussed it fully with the other jurors, and listened

9    to their views.

10       It is important that you attempt to reach a unanimous verdict but, of course, only if

11   each of you can do so after having made your own conscientious decision.  Do not be

12   unwilling to change your opinion if the discussion persuades you that you should.  But do

13   not come to a decision simply because other jurors think it is right, or change an honest

14   belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 39

JURY INSTRUCTION NO. 36

 1

 2       If it becomes necessary during your deliberations to communicate with me, you

 3  may send a note through the courtroom deputy, signed by your presiding juror or by one

 4  or more members of the jury.  No member of the jury should ever attempt to

 5  communicate with me except by a signed writing; I will communicate with any member

 6  of the jury on anything concerning the case only in writing, or here in open court.  If you

 7  send out a question, I will consult with the parties before answering it, which may take

 8  some time.  You may continue your deliberations while waiting for the answer to any

 9  question.  Remember that you are not to tell anyone—including me—how the jury

10  stands, numerically or otherwise, until after you have reached a unanimous verdict or

11  have been discharged.  Do not disclose any vote count in any note to the court.

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 40

JURY INSTRUCTION NO. 37

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.