UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A. H. LUNDBERG ASSOCIATES, INC., et al.,<br><br>                  Plaintiffs,<br><br>            v.<br><br>TSI, INC.,<br><br>                  Defendant. | CASE NO. C14-1160JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are Defendant TSI, Inc.'s motion for attorneys' fees (Fees Mot. (Dkt. # 154)) and TSI's motion for judgment as a matter of law. TSI moved for judgment as a matter of law at the close of Plaintiffs A. H. Lundberg Associates, Inc., and Lundberg, LLC's (collectively, "Lundberg") case-in-chief (9/20/16 Min. Entry (Dkt. # 195)) and renewed the motion at the close of the evidence (9/21/16 Min. Entry (Dkt. # 197)). Having considered the submissions of the parties, the oral arguments made at

ORDER- 1

trial, the relevant portions of the record, and the applicable law, the court DENIES TSI's motion for attorneys' fees and DENIES TSI's motion for judgment as a matter of law without prejudice to reraising the substantive arguments in that motion pursuant to Federal Rule of Civil Procedure 50(b).

## II.   MOTION FOR ATTORNEYS' FEES

**A.   Lanham Act Claim**

Lundberg's original complaint asserted three claims for violation of the Lanham Act. (Compl. (Dkt. # 1) ¶¶ 29-40.) Early in the case, TSI moved to dismiss those claims. (MTD (Dkt. # 6).) Lundberg conceded that it could not pursue one of those claims but opposed TSI's motion to dismiss the other two Lanham Act claims. (MTD Resp. (Dkt. # 12).) The court dismissed all three of Lundberg's Lanham Act claims and allowed leave to amend as to one of the claims. (10/21/14 Order (Dkt. # 14).) Lundberg declined to amend its complaint. (*See* Dkt.)

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[A]n action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits." *Secalt S.A. v. Wuxi Shenxi Constr. Machinery Co.*, 668 F.3d 677, 687 (9th Cir. 2012) ("The line distinguishing exceptional cases from non-exceptional cases is far from clear. It is especially fuzzy where the *defendant* prevails due to

//

//

//

ORDER- 2

plaintiff's failure of proof.").[1]  TSI argues that this case is "exceptional" in that "Lundberg's Lanham Act claims were groundless." (Fees Mot. at 4.)  Lundberg neither filed frivolous Lanham Act claims nor unreasonably "continued prosecution of its claims."  *Secalt*, 668 F.3d at 687.  Rather, Lundberg conceded one of its Lanham Act claims in response to TSI's motion to dismiss, had its second Lanham Act claim dismissed by the court without leave to amend, and declined to amend its third Lanham Act claim.  (*See* MTD Resp.; 10/21/14 Order.)  TSI identifies nothing that differentiates those claims from the claims that courts routinely review and dismiss pursuant to Rule 12(b).  Accordingly, the court concludes this case is unexceptional and thus ineligible for fee shifting.[2]

---

[1] In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court construed "exceptional" in the context of the Patent Act to mean a case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." --- U.S. ---, 134 S. Ct. 1749, 1756 (2014).  Despite the Patent Act's and Lanham Act's common language regarding "exceptional" cases, the Ninth Circuit has declined to extend the more lenient, totality-of-the-circumstances approach adopted in *Octane Fitness* to the Lanham Act. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. 13-17622, --- F. App'x ---, 2016 WL 2993958, at *1 (9th Cir. May 24, 2016) (citing *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015)) ("Appellants argue that under *Octane Fitness* the district court should have analyzed their claim for fees under a 'totality of the circumstances' test instead of looking to our prior case law requiring 'malicious, fraudulent, deliberate, or willful' infringement.  We are bound by a post-*Octane Fitness* panel's decision applying our prior definition of exceptional.").  The Ninth Circuit recently voted to rehear *SunEarth* en banc to determine whether to follow several sister circuits and apply the *Octane Fitness* definition to the Lanham Act.  *Sunearth, Inc. v. Sun Earth Solar Power Co.*, No. 17-17622, --- F.3d ---, 2016 WL 4791866, at *1 (9th Cir. Sept. 14, 2016).  The court finds this case unexceptional irrespective of which definition the en banc panel adopts.

[2] In addition, "[t]he fact that 'in exceptional cases' precedes 'may' means that the case must be exceptional for attorneys's fees to be awarded, but in an exceptional case, the district court 'may' (or may not) award fees." *Fifty-Six Hope Road Music*, 778 F.3d at 1079.  Even if this case were "exceptional" in the relevant sense, the court would decline to grant Lanham Act

**B.     Stephen Clarke's Deposition**

TSI also seeks attorneys' fees and costs for the deposition of Stephen Clarke. (Fees Mot. at 5-6.) TSI asks the court to employ its equitable powers to award those sanctions because Lundberg falsely disclosed Mr. Clarke's expert testimony. (*Id.* at 6.) "Because 'inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.'" *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Accordingly, the court must find "bad faith before sanctions may be imposed under the court's inherent power." *Id.*

TSI has not demonstrated that Lundberg acted in bad faith. At most, TSI identifies some inconsistency between the expert report's indication that Mr. Clarke "assisted . . . by providing review and analysis of the [Lundberg] and TSI RTO designs" (Sweeney Decl. (Dkt. # 155) ¶ 2, Ex. A (Dkt. # 156) ("Expert Report") at 6) and Mr. Clarke's statement in his deposition that he had not seen Lundberg's expert report until the day before his deposition (Sweeney Decl. ¶ 3, Ex. B ("Clarke Dep.") at 8:12-19). However, David Bernier, another expert who contributed to Lundberg's expert report, clarified that he spoke with Mr. Clarke when preparing the report and included Mr. Clarke's opinions in the report. (Bodine Decl. (Dkt. # 163) ¶ 3, Ex. 2 ("Bernier Dep.") at 62:4-24; *see also* Bodine Decl. ¶ 6 ("Had TSI's counsel inquired, Lundberg could—and would—have explained Dr. Clarke's area of expertise and how that related to the expert report.").) Mr.

---

fees to TSI based on the parties' mutually aggressive litigation strategies throughout the course of the litigation.

ORDER- 4

1  Clarke need not have seen the report in final form in order for his opinions to have been
2  incorporated.  (*See* Expert Report at 6.)
3       Thus, although Lundberg could have been more forthcoming or precise in its
4  disclosures to TSI, the court does not find Lundberg's actions amount to bad faith and
5  accordingly declines to grant attorneys' fees and costs for Mr. Clarke's deposition.
6       **III.    MOTION FOR JUDGMENT AS A MATTER OF LAW**
7       During trial, the court took under advisement TSI's motion for judgment as a
8  matter of law and renewed motion for judgment as a matter of law.  (9/20/16 Min. Entry;
9  9/21/16 Min. Entry); Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment
10 ("The court may often wisely decline to rule on a motion for judgment as a matter of law
11 made at the close of the evidence."); *Runnings v. Ford Motor Co.*, 461 F.2d 1145, 1148
12 n.4 (9th Cir. 1972) ("This case once again demonstrates the desirability of withholding
13 action on motions for directed verdicts and permitting the jury to reach a verdict.").  The
14 jury then returned its verdict on September 23, 2016.  (Verdict Form (Dkt. # 210) at 3.)
15      The court has not ruled on the Rule 50(a) motion, which if granted would overturn
16 part of the jury's verdict.  (*See id.*)  Some courts have held that "a court's deferred
17 consideration effectively converts the Rule 50(a) motion into a post-verdict Rule 50(b)
18 motion."  *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, No. 3:03-CV-0887-P, 2006 WL
19 3347911, at *1 (N.D. Tex. Nov. 17, 2006); *see also Merino v. Marchon, Inc.*, No. 92
20 4662 WDK (JRX), 1994 WL 695826, at *5 (N.D. Cal. Apr. 4, 1994).  However, the court
21 //
22 //

finds it more appropriate to deny the Rule 50(a) motion as moot.[3] *See Rose v. Barrett Twp.*, No. 3:09-CV-01561, 2014 WL 2039621, at *6 (M.D. Pa. May 9, 2014) ("Once the Court submits the matter to the jury, the 50(a) motion has effectively been mooted and no further briefing is necessary, unless the movant seeks to renew the Motion in accordance with 50(b)."); *Asahi Glass Co. v. Guardian Indus. Corp.*, 886 F. Supp. 2d 369, 378 & n.6 (D. Del. 2012) (dismissing as moot the parties' Rule 50(a) claims because the jury rendered its verdict and the court took up the defendant's Rule 50(b) motion). The court takes no position on the merits of the motion.

The court denies TSI's Rule 50(a) motion as moot, without prejudice to reraising the same legal questions in a motion under Rule 50(b). If TSI timely renews its motion, the parties' briefing must cite the relevant law and reference specific evidence presented at trial that supports the parties' respective positions.[4]

---

[3] Converting a Rule 50(a) motion into a Rule 50(b) motion without requiring the movant to renew the motion would contravene the requirement that the movant "file a renewed motion for judgment as a matter of law" "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b); *see Johnson v. N.Y, N.H., & H.R. Co.*, 344 U.S. 48, 49 (1952) ("[I]n the absence of a motion for judgment notwithstanding the verdict made in the trial court within [the time allotted by Rule 50(b)] after reception of a verdict the rule forbids the trial judge . . . to enter such a judgment."); *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b)."); 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2537 (3d ed. 1998) ("The motion must be made even though the trial court expressly has reserved decision on the motion at the close of the evidence."). Moreover, written briefing would aid the court's analysis of TSI's motion.

[4] Because Lundberg has additional claims that the court must decide and neither party has demonstrated "that there is no just reason for delay," the court declines to direct entry of judgment on the verdict at this time. Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES TSI's motion for attorneys' fees (Dkt. # 154) and DENIES TSI's motion for judgment as a matter of law (Dkt. ## 195, 197) without prejudice to reraising the substantive arguments in that motion pursuant to Rule 50(b).

Dated this 29th day of September, 2016.

JAMES L. ROBART
United States District Judge

fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay.").