THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.H. Lundberg Associates, Inc. and Lundberg, LLC,

    Plaintiffs,

v.

TSI, Inc.,

    Defendant.

Case No. 14-CV-01160-JLR

[PROPOSED] STIPULATED ORDER GRANTING INJUNCTIVE RELIEF

THIS MATTER came before the Court upon Plaintiff's Motion for Exemplary Damages, Attorney's Fees, and Injunctive Relief, filed October 13, 2016. (Dkt. #214)  This Court ordered that the parties submit proposed language and supplemental briefing to assist the court in determining the temporal and substantive scope of a permanent injunction. (Dkt. 271 *SEALED*). After the parties filed a joint statement on injunctive relief (Dkt. #274), the parties continued to meet and confer and reached an agreement as to the following provisions regarding injunctive relief.  The Court having reviewed the pleadings and papers on file, including the parties' stipulated proposed language:

It is now ORDERED that parties' stipulated order for injunctive relief is GRANTED as follows:

(1)    Defendant and its agents, servants, employees, and attorneys (the "Restrained Parties"), are hereby RESTRAINED and ENJOINED as follows:

[PROPOSED] STIPULATED ORDER GRANTING INJUNCTIVE RELIEF - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6912654.1

  (a) The Restrained Parties shall not disclose or use, include or incorporate Lundberg's Wet Electrostatic Precipitator ("WESP")Trade Secrets for six months from the date of this Order in the design or manufacture of a WESP. Lundberg's WESP "Trade Secrets" are defined as follows:

  (i) Lundberg's diameters and measurements of the spherical washer assembly that differ from that developed at Geoenergy International, Inc. (hereinafter "GIC"), and which enjoined diameters and measurements are shown in Trial Exhibit 430, page 1;

  (ii) Lundberg's diameters, measurements, and thicknesses of the electrode body that differ from that developed at GIC, and which enjoined measurements and thicknesses are shown in Trial Exhibit 49, page 1;

  (iii) Lundberg's spacing, gauges, diameters, and vertices of electrode discs that differ from that developed at GIC, and which enjoined spacing, gauges, diameters are shown in the Trial Exhibit 49, page 1 and 50, page 1;

  (iv) Lundberg's surface finish of the spherical washers that differs from that developed at GIC, and which enjoined surface finish is shown in Trial Exhibit 430, page 1;

  (v) Lundberg's number, measurements, arrangement, and layout of tubes that differ from that developed at GIC, and which enjoined number, measurements, arrangement and layout of tubes are detailed in Trial Exhibit 344, pages 38 and 39, and as further identified in Appendix A; (Dkt. # 276)

  (vi) Lundberg's execution and design of tube cooling as specifically incorporated with the Lundberg WESP; and

  (vii) any combination of these features.

  (b) Nothing herein shall prevent or restrict TSI from purchasing for resale a WESP or any component thereof from a third-party vendor, supplier or manufacturer regardless of its design or engineering features or specifications, provided that any such design, engineering feature or specification that constitutes a Lundberg WESP Trade Secret is not the result of a disclosure of such Trade Secret by a Restrained Party to said vendor, supplier or manufacture.

[PROPOSED] STIPULATED ORDER GRANTING INJUNCTIVE RELIEF - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

251608.0049/6912654.1

(c)     The Restrained Parties shall not directly, or indirectly, make, manufacture, offer for sale, sell, or cause to be sold any product, the design or manufacture of which embodies or was derived using Lundberg's Trade Secrets for six months from the date of this Order. This restriction shall not prevent or restrict TSI from offering a system made by another WESP manufacturer that manufactured and sold WESPs prior to the start of this lawsuit.

(d)     The Restrained Parties are hereby DIRECTED to immediately destroy all products and parts in their possession, custody, or control, the design or manufacture of which embody or were derived using Lundberg's Trade Secrets.

(e)     The Restrained Parties are hereby DIRECTED immediately to return to Plaintiff or destroy all of the documents listed on Addendum 1 (Dkt. # 275-2), all of which are documents produced in this case and all copies of those documents whether they have the same document control number as the documents listed on Addendum 1, that are in the Restrained Parties' possession or control to the extent that those documents contain information about Lundberg's air pollution control systems. Notwithstanding the foregoing, adhering to the designations in the Stipulated Protective Order, TSI's attorneys may retain those documents reasonably necessary to appeal the outcome in this case as long as it takes to do so, after which time, those documents will be destroyed.

(f)     The Restrained Parties shall have <u>ninety (90)</u> days to certify that they have complied in full with parts (d) and (e) above.

DATED: March 28, 2017

LANE POWELL PC


By      /s/Tiffany Scott Connors
        Randall P. Beighle, WSBA No. 13421
        Brian Bodine, WSBA No. 22414
        Tiffany Scott Connors, WSBA No. 41740
Attorneys for Plaintiffs Lundberg

[PROPOSED] STIPULATED ORDER GRANTING
INJUNCTIVE RELIEF - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6912654.1

CARNEY BADLEY SPELLMAN, P.S.


By   /s/Emilia L. Sweeney
     Kenneth W. Hart, WSBA No. 15511
     Emilia L. Sweeney, WSBA No. 23371
Attorneys for TSI, Inc.

**ORDER**

IT IS SO ORDERED.

DATED: 29 March 2017

_____
Honorable James L. Robart

[PROPOSED] STIPULATED ORDER GRANTING
INJUNCTIVE RELIEF - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

251608.0049/6912654.1