# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| A. H. LUNDBERG ASSOCIATES, INC., et al., | CASE NO. C14-1160JLR |
| Plaintiffs, | ORDER |
| v. | |
| TSI, INC., | |
| Defendant. | |

This order clarifies the court's reasoning for declining to award prejudgment interest to Plaintiffs A. H. Lundberg Associates, Inc., and Lundberg, LLC (collectively, "Lundberg"). (*See* Judgment (Dkt. # 287).) Pursuant to the court's March 30, 2017, order (3/30/17 Order (Dkt. # 281) at 1), Lundberg and Defendant TSI, Inc., submitted proposed judgments for the court's consideration (*see* Lundberg Prop. Judgment (Dkt. # 283); TSI Prop. Judgment (Dkt. # 286)). The parties' proposed judgments were materially identical with one exception: Lundberg asserted that it was entitled to

ORDER - 1

prejudgment interest from the date the jury rendered its verdict until the court entered judgment (Lundberg Prop. Judgment at 2-3), and TSI disagreed (TSI Prop. Judgment; TSI Resp. (Dkt. # 285)).

The court concluded that Lundberg is not entitled to prejudgment interest. (*See* Judgment (entering TSI's proposed judgment).) Lundberg asked the court to treat the jury's verdict as a liquidated amount and therefore entitled to prejudgment interest. (*See* Lundberg Prop. Judgment at 2-3.)[1] Lundberg relies on *Hadley v. Maxwell*, 84 P.3d 286 (Wash. Ct. App. 2004), to support its position. In *Hadley*, the plaintiffs prevailed at trial, the defendant appealed only the jury's liability finding, the Washington Supreme Court reversed and remanded for a new trial only on liability, and the plaintiff again prevailed at trial and recovered the initial jury's damages award. *Id.* at 289-90. The Washington Court of Appeals treated the initial jury's damages award, which the defendant never challenged, as a liquidated sum for purposes of awarding prejudgment interest. *Id.* at 290.

Based on the unique circumstances of *Hadley*, this court concluded that *Hadley* does not extend to this case. Here, Lundberg and TSI have merely engaged in typical post-trial motions practice. (*See* Dkt.) Furthermore, unlike the defendant in *Hadley*, TSI

---

[1] *See also In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) (holding that federal courts sitting in diversity apply state law to calculate prejudgment interest); *TJ Landco, LLC v. Harley C. Douglass, Inc.*, 346 P.3d 777, 780 (Wash. Ct. App. 2015) ("A party is entitled to prejudgment interest on liquidated claims . . . . Trial courts may exercise discretion in the amount of the award, but must give a reasonable explanation in equity for any deviance from the standard rate."); *Lakes v. von der Mehden*, 70 P.3d 154, 156 (Wash. Ct. App. 2003) ("[Prejudgment] interest is awardable (1) when the amount claimed is liquidated, or (2) when the amount claimed is unliquidated but is determinable by computation with reference to a fixed standard in a contract.").

challenged the jury's damages finding. (*See* JMOL Mot. (Dkt. # 228) at 13-19); *see also Coulter v. Asten Grp., Inc.*, 230 P.3d 169, 174 (Wash. Ct. App. 2010) (declining to award prejudgment interest because "[u]nlike *Hadley*, where the resolution was merely a question of apportionment, here there is some uncertainty as to the damages" the plaintiff would receive from the defendant). Accordingly, the court concluded that the verdict is not a liquidated amount and Lundberg is not entitled to prejudgment interest thereon. Because the parties' proposed judgments were identical in all other material ways, the court entered TSI's proposed judgment. (*See* Judgment.)

Dated this 12th day of April, 2017.

JAMES L. ROBART
United States District Judge